## JACKSON v. POOL.

### (*Jackson.* April 28, 1892.)

1. JURY. *Resident and tax-payer of city competent in suit against city.*

Residents and tax-payers of a municipal corporation are not disqualified, by reason of their relations to the corporation, to sit upon a jury in a case to which the corporation is an interested party.

Cases cited and approved: Mayor, etc., v. McKee, 2 Yer., 168; Ezell v. Giles County, 3 Head, 586.

2. SAME. *Abuse of Judge's power to order special jury.*

It is an abuse of the Judge's power to order a special jury, for which reversal will be had, where he directs the jury to be selected by the Sheriff and summoned from the county outside the limits of a particular city, the persons residing in and outside such city being equally competent.

Code construed: §§ 4805 (M. & V.); §§ 4029 (T. & S.).

Cases cited: Clingan v. Railroad, 2 Lea, 726; Mayor, etc., v. Sheperd, 3 Bax., 373.

3. EVIDENCE. *Of city's wealth incompetent in suit against it for personal injuries.*

In suit against a municipal corporation for personal injuries sustained by reason of defect in sidewalk, it being clearly a case in which punitive damages could not be awarded, evidence is not admissible on behalf of the plaintiff to show the value of the property owned by the corporation, or the assessed value of property situate in the city, or the amount of salary paid to the Mayor of the city.

4. SAME. *Same. No reversal without specific exception.*

But reversal will not be had for the erroneous admission of such incompetent evidence, unless the record shows that specific exception was taken to its competency.

Jackson *v.* Pool.

5. SAME. *Introduction of things as proof.*

It is competent for the parties to exhibit to Court and jury, as matter of proof ancillary to other testimony, persons, models, and things not cumbrous, whenever the inspection of them may tend to the discovery of the truth of the matter in controversy. Whether the articles offered are too cumbrous, is a question addressed to the trial Judge's discretion. This Court declines to revise the action of the trial Judge in this case in excluding the portion of the sidewalk, consisting of two planks and cross-bars, on account of defects in which the plaintiff was injured.

6. ARGUMENT OF COUNSEL. *When not cause for reversal.*

Unless this Court can see that improper argument of counsel probably influenced the action of the jury, there will be no reversal on that account, even when proper exception was taken thereto.

7. SAME. *Same. Example.*

In suit against city for personal injuries, the plaintiff's attorney, in his closing argument, said: "If one of you should come to town and violate one of the ordinances of the city government by any disorderly conduct, you would see how quick you would be arrested and carried before Mayor Gates and fined." This was objected to. It was said in reply to this language of defendant's attorney: "If you give a verdict against the defendant in such trivial cases as this one, you will place a burden upon our young city that it will not be able to bear * * * It would bankrupt and ruin the city to require it to keep all its streets and sidewalks in perfect repair."

*Held:* Argument of plaintiff's attorney does not constitute reversible error.

8. SAME. *Judge's action upon exception erroneous.*

But the Court's ruling upon the exception, "that the matter of fines was one source of revenue for the city," is error.

9. SAME. *Reading opinions of Courts in cases giving large damages.*

It constitutes reversible error for the Court to permit the plaintiff's attorney in a personal injury case to read, over objection of defendant's attorney, opinions from the reports in cases where large damages were awarded, for the sole purpose of influencing the jury in fixing amount of damages. In this case the Court declines to express an opinion as to whether the reading of such cases from the reports, over

29—7 P

objection, is error, the counsel having stated the cases were read for another purpose, and the Court having properly instructed the jury that they should not be influenced by them in fixing amount of damages.

10. CHARGE OF COURT.  *Erroneous as to city's liability for latent defects in sidewalks.*

In suit against a city for personal injuries sustained by the plaintiff while passing over a common plank sidewalk laid upon the ground, by reason of an alleged defect therein, there being proof tending to show the defect was latent, it is error for the Court to charge that the city was liable, though the defect was latent, if it could have been discovered by "inspection, observation, or otherwise." This strong doctrine is not applied to latent defects in common sidewalks, but only to defects in structures over dangerous places.

---

FROM MADISON.

---

Appeal in error from Circuit Court of Madison County.   LEVI S. WOODS, J.

CARUTHERS & MALLORY for Jackson.

J. M. TROUTT and HAYNES & HAYS for Pool.

LEA, J.   This is an action for damages against the city, brought by defendants in error for injuries to Mrs. Pool by having her arm broken, being thrown down by a defective plank-walk. There was a verdict for plaintiffs below, and defendants appealed.

A number of errors are assigned: First, that upon motion of plaintiffs, without cause shown, the Sheriff was ordered by the Court to summons as jurors citizens from the country, and not to summons tax-payers or residents of the city of Jackson; and that A. P. Moore, one of the jurors so summoned, was ordered by the Court to stand aside because he was a citizen of Jackson, though not a tax-payer. These orders of the Court were over the objection of the defendants.

The question is presented whether a tax-payer or resident of a municipal corporation is a competent juror in a suit by or against the corporation, having no individual interest in the subject of the suit. The object of the law is to secure a fair and impartial trial, and, to this end, to secure fair and unbiased jurors. It is said in argument that there has been no direct adjudication of this exact question in this State. While this may be true, the same has been indirectly decided, and has never been questioned, so far as we are aware, since the decision of this Court in *Mayor and Aldermen of Jonesborough* v. *Adam McKee*, 2 Yer., 168, where it was held that Magistrates who were residents of a municipal corporation are not incompetent to issue warrants and try causes in which the corporation is interested if they have no individual interest in the subject of the suit. If not incompetent to try suits for or against the corporation, then certainly they would not be incompetent jurors to try the same. When the case

in 2 Yer., 168, was decided, our statutes made every one having any interest in a suit incompetent to testify therein; yet, in that case, it was decided that in all questions respecting the rights and immunities of a municipal corporation, individuals, though members of the corporation, were not incompetent witnesses.

In *Ezell* v. *Justices of Giles County*, 3 Head, 286, it was held that, in a suit against the county, a Justice was a competent witness in the suit, his interest being too remote and contingent, as well as too minute, to disqualify him.

The suit is against the corporation, and not against citizens of the corporation, and, in the absence of some individual interest, we hold that the fact that a person is a resident or tax-payer of a municipal corporation does not render him incompetent as a juror in a suit by or against the corporation. If they are incompetent as jurors, so would a recorder of a town or city be incompetent to try a corporation case, and so would a Judge be incompetent to hear and determine a case in which the city of his residence was a party. But it is insisted that by the Code, § 4805, it is provided that a special jury may be ordered, upon motion of either party in any civil action, if, in the opinion of the Court, it is proper; and that it has been held that the Judge may designate the persons to be summoned, and his discretion in ordering a special jury will not be revised. *Clingan* v. *R. R.*, 2 Lea, 726, 727.

If the Judge had ordered a special jury, as authorized by statute, or had designated who should be summoned, then his discretion would not probably be revised, nothing else appearing. But he did not order the Sheriff to summons a special jury of certain qualifications, nor did he designate the jurors who should be summoned; but he ordered the Sheriff to summons citizens from the country, and not to summons citizens of Jackson. The law, in its provision for a special jury, contemplates the selection of men with reference to their superior competency and fitness to try and determine the particular issues involved in the case, but he cannot direct the Sheriff, where all are equally competent, not to summons those whose residence is within the city limits, but to summons only those who reside beyond the city limits, no more than he can authorize him to summons those citizens only of German descent and not to summons those of Irish descent, or to authorize him to summons negroes and not to summons white men. 3 Bax., 373. He might, if he so desired, have designated the names of those to be summoned, but this he did not do. This assignment of error is sustained.

The second assignment of error relied on is the admission of proof as to the value of the property of the city, the value of the city hall, waterworks, and the assessed value of all the property of the city; also the amount of salary paid the Mayor.

This would have been clearly erroneous, it not being a case where punitive damages could have been allowed, if objection had been made. The only objection interposed was a general objection to the question as to the amount of the Mayor's salary. Therefore, this assignment of error is over-ruled.

The next error assigned is that, upon objection, the Court refused to permit the defendant to bring into Court, and exhibit to the Court and jury as evidence, that portion of the sidewalk, consisting of two planks and cross-bars, on which the plaintiff was hurt, to prove that they were not in the condition as some of the witnesses had sworn. As a matter of proof, ancillary to other testimony, parties are permitted to exhibit to the Court and jury persons, models, and things not cumbrous, whenever the inspection of them may tend to the discovery of the truth of the matter in controversy. 3 Greenleaf on Evidence, Sec. 328. Whether the articles proposed to be exhibited are too cumbrous or not is committed to the discretion of the Court, which will not be revised in this instance.

It is next assigned as error that the Court, over the objection of defendant, permitted the plaintiff's attorney, in his closing argument, to use improper argument, in this: "If one of you should come to town and violate one of the ordinances of the city government by any disorderly conduct, you would see how quick you would be arrested and carried before Mayor Gates and fined." This was used in

reply to the argument of defendant's attorney, that
"If you give a verdict against the defendant in
such trivial cases as this one you will place a bur-
den upon our struggling young city that it will not
be able to bear. * * * It would bankrupt and
ruin the city of Jackson to require it to keep all
its streets and sidewalks in perfect repair."

We will not say that the argument of plaintiff's
attorney, under the circumstances, was improper.
It is not every improper argument of counsel that
will cause a reversal of the case, but only where
we can see that such improper argument did prob-
ably influence the jury. When the court was asked
to stop the counsel in the supposed improper argu-
ment, the Court refused to do so, saying "that the
matter of fines was one source of revenue for the
city." This remark of the Court was erroneous,
for, as we have already stated, the matter of rev-
enue was not involved—the jury had nothing to do
with the revenue of the city in making up their
verdict.

The next assignment of error is that the Court
allowed the attorney for the plaintiff, over the ob-
jection of the defendant, to read decisions to the
jury where large verdicts were given against towns
and cities. The attorney of plaintiff, upon objec-
tion being made, stated to the jury that these
opinions were not read for the purpose of influenc-
ing them in fixing the amount of damages, but to
show the kind of obstructions for which a city
would be held liable. It certainly was hardly nec-

essary to read to the Court opinions to prove that the city might be rendered liable for defective sidewalks. Where decisions are read from the reports to influence the jury in fixing the amount of damages, or where the tendency of the same may be to influence the jury in fixing the damages, the Court should interpose to prevent it, and a failure to do so, upon objection, is reversible error. But, in this case, as the attorney stated, they were not read for that purpose, and as it appears that at least one of the opinions did not state the amount of the damages, and as the Court told the jury they could not regard the decisions read in fixing the amount of their verdict, we express no opinion as to whether this, under the conditions above named, be reversible error, as the case must be reversed on another ground.

The next and last assignment we shall notice is, that there was error in the charge of the Court as follows: "If there was a defect in the street or sidewalk, and it was not reasonably safe for persons passing along it in the usual modes, while exercising reasonable care and caution, and such defect was a latent defect and not a patent defect; but, if the defect, though a latent one, was of such a character that the officers whose duty it was to keep the streets and sidewalks in repair, could, with reasonable and proper care, by inspection, examination, or otherwise, have ascertained such defects by the exercise of reasonable and proper care, the defendants would be charged with

notice of such defect," etc. The Court, before the extract quoted, had given a full and fair charge as to the liability of municipal corporations after actual or constructive notice of the defect and time to repair. The complaint is, that the Court should then add that the corporation was liable for a latent defect which might have been discovered by "inspection, observation, or otherwise;" and that this became material by reason of the testimony of at least one witness, who swore that the defect in the sidewalk was of a latent character. A corporation may be liable for latent defects over dangerous structures or dangerous places, and the same should be inspected from time to time; but this cannot apply to a plank sidewalk on the ground. The corporation is not required to take up and examine from time to time all the plank walks in the city lying on the ground, when the same is apparently in good condition, and therefore it was confusing to the jury and erroneous to charge as to latent defects unless it had been confined to structures over dangerous places or to dangerous places over which the sidewalk was constructed.

The case will be reversed and remanded, and the defendant in error will pay costs.