[Civil No. 2458.    Filed June 17, 1926.]

[247 Pac. 122.]

# THE CITY OF PRESCOTT, a Municipal Corporation, Appellant, v. RICHARD SUMID, Appellee.

1. APPEAL AND ERROR — JURY. — Representatives of taxpayers are not absolutely disbarred from sitting on jury, in action against municipality, but error in disbarring jurors on such ground is not fatal, where jury was fair and impartial (Civ. Code 1913, pars. 3153–3162).

2. JURY.—Party is not entitled to have any particular jurors sit in on his case.

3. APPEAL AND ERROR.—If jurors sitting are fair and impartial, it is no ground for reversal that other impartial jurors are erroneously excused.

4. MUNICIPAL CORPORATIONS—EVIDENCE TO SHOW WATER SYSTEM WAS GOVERNMENTAL FUNCTION HELD IMMATERIAL, IN INJURED EMPLOYEE'S ACTION AGAINST CITY WHERE CITY HAD INTERMINGLED GOVERNMENTAL AND PROPRIETARY FUNCTIONS (CIV. CODE 1913, PARS. 3153–3162).—Where city intermingled governmental and proprietary functions in using water supply for fire protection, sanitation and general sale, evidence as to original object of water system, or whether it was conducted at profit or loss to show system to be governmental function is immaterial, in action by injured employee against city for compensation, under Civil Code of 1913, paragraphs 3153–3162.

5. COMPROMISE AND SETTLEMENT — INSTRUCTION TO DENY EMPLOYEE RECOVERY OF COMPENSATION FROM CITY IF HE RECEIVED MONEY IN FULL SETTLEMENT OF INJURIES HELD SUFFICIENT AS TO CITY'S PLEA IN BAR BASED ON FULL SETTLEMENT.—Instruction that employee cannot recover compensation from city if he received money in full settlement of injuries *held* full and correct statement of law, applying to city's plea in bar based on implied agreement to settle claim by payment to employee of wages from date of injury to date of discharge.

6. COMPROMISE AND SETTLEMENT — EVIDENCE AS TO ACCEPTANCE OF WAGES BY EMPLOYEE FROM TIME OF INJURY TO DISCHARGE HELD TO PRESENT QUESTION FOR JURY WHETHER TAKEN IN FULL SET-

1.  See 15 Cal. Jur. 365; 16 R. C. L. 278.
2.  See 15 Cal. Jur. 410.
3.  See 15 Cal. Jur. 410; 16 R. C. L. 290.

TLEMENT.—Evidence as to acceptance by employee of wages from city from time of injury to discharge *held* to present question of fact for jury whether there was express or implied agreement to accept money in full settlement for injuries.

7. COMPROMISE AND SETTLEMENT—SETTLEMENT OF CLAIM CANNOT BE SET ASIDE AND SUIT BROUGHT ON ORIGINAL CLAIM WITHOUT FIRST RETURNING MONEY RECEIVED IN SETTLEMENT. — Party, agreeing to settle claim for certain sums paid to him, cannot set aside settlement for fraud or any other cause and sue on original claim without first tendering back money received in settlement.

8. COMPROMISE AND SETTLEMENT—MONEY, ALLEGED NOT TO HAVE BEEN RECEIVED AS SETTLEMENT OF CLAIM, NEED NOT BE RETURNED BEFORE BRINGING SUIT ON CLAIM, QUESTION OF SETTLEMENT BEING ONE OF FACT FOR JURY.—Where settlement set up in bar to action on original claim is denied, money, claimed not to have been received as settlement, need not be returned as condition precedent to maintaining action, question of settlement being one of fact for jury.

9. APPEAL AND ERROR—FAILURE TO INSTRUCT NOT TO AWARD DAMAGES DURING PERIOD THAT WAGES WERE PAID INJURED EMPLOYEE HELD NOT MISLEADING, WHERE EMPLOYEE ADMITTED THAT HE HAD BEEN PAID WAGES FROM TIME OF INJURY TO TIME OF DISCHARGE.—Where employee, suing city for compensation for injury, admitted payment of wages from time of injury to discharge, jury could not have been misled by failure to instruct not to award damages during period when wages were paid, though court instructed that loss of earnings since injury is an element of damages.

10. APPEAL AND ERROR — IMPROPER REMARKS OF COUNSEL WHICH ARE NOT INCURABLE WILL NOT BE CONSIDERED ON APPEAL, IN ABSENCE OF REQUEST THAT JURY BE ADMONISHED TO DISREGARD THEM. — Improper argument of employee's counsel, in suit against city for compensation for injuries, that city had employed high-priced attorneys at price sufficient to pay employee for his damages, not being incurable by proper action of court, will not be considered on appeal, in absence of request that court admonish jury to disregard such argument; presumption being that admonition will remove effect of improper remarks.

---

7. Necessity of returning or tendering consideration on repudiation of release procured by fraud, see notes in 4 Ann. Cas. 655; 6 Ann. Cas. 807; 8 Ann. Cas. 179; Ann. Cas. 1912D 1084. See, also, 5 Cal. Jur. 403; 22 Cal. Jur. 759; 5 R. C. L. 899; 23 R. C. L. 411. Return or tender of consideration for release of claim for personal injuries set aside on ground of fraud, see notes in 35 L. R. A. (N. S.) 660; L. R. A. 1918F 1073.

10. See 24 Cal. Jur. 746; 2 R. C. L. 438, 440.

11. TRIAL.—Unless misconduct of counsel is so serious that no instruction could undo damage, failure to make timely objection is waiver of error.

See (1) 35 **C. J.**, p. 316, n. 74.   (2, 3) 4 **C. J.**, p. 953, n. 91; 35 **C. J.**, p. 299, n. 36.   (4) 28 Cyc., p. 1289, n. 23.   (5) 12 **C. J.**, p. 368, n. 77.   (6–8) 12 **C. J.**, p. 355, n. 94, p. 367, n. 59; 39 **C. J.**, p. 908, n. 6.   (9) 4 **C. J.**, p. 1048, n. 76; 17 **C. J.**, p. 782; n. 97.   (10) 3 **C. J.**, p. 864, n. 35; 38 Cyc., p. 1497, n. 6 New.   (11) 3 **C. J.**, p. 862, n. 21.

APPEAL from a judgment of the Superior Court of the County of Yavapai.  Richard Lamson, Judge. Affirmed.

Mr. R. B. Westervelt, Mr. John A. Ellis and Mr. Le Roy Anderson, for Appellant.

Messrs. O'Sullivan & Morgan, for Appellee.

LOCKWOOD, J. — Richard Sumid, hereinafter called appellee, brought suit against the City of Prescott, a municipal corporation, hereinafter called appellant, under chapter 6, title 14, Revised Statutes of Arizona of 1913, Civil Code, for personal injuries which he alleged he had received while in the employ of the ·appellant.  A demurrer to the complaint was interposed on the ground, the law did not apply to municipalities, which was sustained by the trial court.  Appellee brought this ruling before us and we reversed it and remanded the case for further proceedings, holding that, under the Employers' Liability Law of this state—

"The underlying purpose and aim of the Employers' Liability Law was to protect the employee, or his dependents, from personal injury losses sustained in hazardous occupations, by shifting such losses to the public as added cost of production.  If a municipality enter the field of private industry

11.  Necessity and sufficiency of objection and exception to improper argument of counsel, see notes in 7 **Ann. Cas.** 229; **Ann. Cas.** 1916A 551; **Ann. Cas.** 1918A 1128.  See, also, 2 **Cal. Jur.** 251.

and enterprise, it can care for such losses as well as an individual, or an association of individuals, or a private corporation could by adding the losses to the cost of production. To exempt it from such liability while imposing liability upon others engaged in the industry would give a municipality an unfair and discriminatory advantage over its competitors, should there be any. . . . The construction contended for is not in harmony with the spirit or purpose of the law. . . . The demurrer should not have been sustained.'' *Sumid* v. *City of Prescott*, 27 Ariz. 111, 230 Pac. 1103.

After the case was remanded it was tried before a jury, which returned a verdict in favor of appellee for the full amount sued for, $8,000. The court overruled the motions made by appellant for judgment *non obstante*, and for a new trial, and the latter has brought the matter before us for review.

There are some eight specifications of error, one of which contains five subheads, which we will consider according to the legal issues raised thereby. The first is that the court erred in sustaining challenges to all prospective jurors who were taxpayers of the City of Prescott, and it is urged that thereby appellant had forced upon it a jury which was subject to influence, and was later influenced by passion and prejudice. There is a decided conflict of authorities as to whether or not in an action against a municipality a taxpayer thereof is disqualified from sitting on the jury. The question is an open one in our jurisdiction, and we are therefore free to follow whichever we consider the better rule. While the greater number of authorities probably are in favor of sustaining such challenges, such a rule carried to its logical conclusion would also prevent any taxpayer of a county sitting if the suit were against the county, or of the state, if it were against the state. We think absolutely disbarring from a jury any representatives of the taxpayers of a community is far more likely to prevent a fair and impartial trial

than that their remote interest in the result of the suit would, of itself, prejudice them. *Kemper* v. *City of Louisville,* 14 Bush (Ky.) 87; *City of Jackson* v. *Pool,* 91 Tenn. 448, 19 S. W. 324; *City of Dallas* v. *Peacock,* 89 Tex. 58, 33 S. W. 220; *Omaha* v. *Olmstead,* 5 Neb. 446.

As was stated in *Mironski* v. *Snohomish County,* 115 Wash. 586, 197 Pac. 781:

"The interest of the taxpayer in the result of the action is so remote, indirect, and slight that it may fairly be supposed to be incapable of affecting his judgment."

It does not, however, necessarily follow that the error complained of is fatal. A party is not entitled to have any particular juror or jurors sit in his case. So long as those who actually do sit are fair and impartial, it is no ground for reversal that other impartial jurors are erroneously excused. 4 C. J. 953.

The second point raised is that appellant was not allowed to show that its waterworks system was carried on as a governmental function, rather than a proprietary one. It appears conclusively from the evidence that the city water system of Prescott was at the time of the injury used indiscriminately for three purposes, to wit, fire protection, sanitation and a general sale of water for all purposes to the inhabitants of the City of Prescott and to many others residing outside the city limits. Such being the case, and appellant by its own act having so intermingled its governmental and proprietary functions that it is impossible to separate them, we are of the opinion that any evidence which it could have offered as to the original object and purpose of installing the water system, or as to whether or not it was as a whole conducted at a profit or at a loss, was immaterial. *Wigal* v. *City of Parkersberg,* 74 W. Va. 25, 52 L. R. A. (N. S.) 465, 81 S. E. 554.

The next issue is as to appellant's second plea in bar. In such plea appellant, after setting up the employment and alleged injury, alleges:

"That in settlement and discharge of all claims . . . against it . . . defendant paid to the plaintiff and plaintiff did receive and accept 100 per cent. of his daily wage . . . for settlement in full of all claims of every kind and nature as above described; that plaintiff elected to receive said payments as full satisfaction for his alleged injuries; that he received the benefits of said payments; and that he has retained the same up to and including this date."

To this appellee replied with a general denial of any settlement as alleged in the plea in bar. The court, in its instructions to the jury, summarized the second plea in bar, and then gave the following instructions:

"The defendant relies upon its allegations in its plea in bar that the plaintiff received certain moneys and certain payments in full settlement of all claims that he had against the defendant for his injuries. As to that defense, I charge you that, if you believe from the evidence that the plaintiff received certain moneys in full settlement of his injuries, then I charge you that he cannot recover in this case.

"I further charge you that plaintiff is a person capable of making contracts and is, like all other competent persons and corporations, bound by the terms of his contract. If he has agreed, either expressly or by his acts, to accept certain moneys in full settlement of his injury and has received said money and does still retain the same, then I charge you that he is bound thereby, and that he cannot recover in this action."

This was a full and correct statement of the law, applying to the second plea in bar. Appellant did not attempt to show any specific written or oral agreement as settlement, but relies rather on an implied one. The strongest evidence in support of that theory is that of C. M. Shaw, who said:

"I recall going with Mr. Robinson to the hospital with the pay roll. . . . Mr. Robinson, Mr. Sumid, and myself were there.    Mr. Robinson said: 'You know we are offering you this money, because you are sick; because you were hurt.'    I don't recollect of anything that Mr. Sumid said."

And that of J. H. Robinson, who testified, referring to the same transaction as Mr. Shaw:

"Whenever I took the pay rolls to Mr. Sumid to be signed Mr. Shaw went with me. . . . He asked me why I was paying him his wages.    I told him for his sickness. . . . There was nothing said by me and Mr. Shaw on the occasion of the second signing of the pay roll and the giving of his check, about why we were giving him his payment.    Nothing whatever was said between myself and Mr. Sumid concerning the payments of the hospital and the doctor."

On the other hand, plaintiff testified:

"I did not ask him why he was paying me these wages while I was in the hospital.    I never asked him nothing. . . . He didn't tell me it was on account of my injury or on account of my sickness."

We think this evidence was of such a nature it was a question of fact for the jury as to whether or not appellee had either expressly or by his actions agreed to accept the money set forth in the second plea in bar as settlement.    The law is clear.    If A has a claim against B, and agrees to settle such claim for a certain sum of money, which is paid to him, he cannot attempt to set aside the settlement for fraud or any other cause and sue on the original claim without first tendering back the money he has received in settlement.    If, however, A sues on the original claim and B sets up an alleged settlement, in bar, if A denies that there was any settlement, he is not obliged to return any sums which he admits having received, but maintains were paid for some other purpose than a settlement of his claim, as a

condition precedent to maintaining his action. Under such circumstances the issue for the jury on the plea in bar is whether or not there was, as a matter of fact, a settlement. In this case such was the true issue on the plea in bar, and it having been submitted to the jury under proper instructions and their general verdict necessarily being a finding against the appellant on such issue, there is no merit in the point raised.

The instruction requested by appellant to the effect that, if the verdict was for appellee, ''you will not award him any damages for loss of time during the period that he received wages from the city after the date of his injury,'' was a correct statement of the law, and should have been given. The court in its general instructions, however, gave, among the other elements of damages, ''the loss of earnings from his labor since he received his injuries,'' and appellee admitted before the jury that—

''The city paid the plaintiff wages, three dollars and one-half a day, from the time of his injury, on the 22d day of April, 1922, up to some time in January following when they discharged him.''

We think the jury could not have been misled by the failure to give the instructions asked for.

The last assignment of error raises substantially two questions. The first is whether or not there was sufficient evidence to show that the damage to appellee's eye was proximately caused by the injury complained of. On this point, as in nearly all cases of this nature, there is a sharp conflict in the evidence. The jury has found in favor of the appellee on the issue, and we cannot say there is not sufficient evidence in the record to sustain its findings.

The second point is the alleged misconduct of counsel for appellee in his closing argument to the jury, which it is claimed the record discloses un-

questionably prejudiced appellant's case. These alleged improper remarks were substantially as follows:

"That said defendant had employed high-priced attorneys and that the amount of money necessary to pay said attorneys would approximately pay the plaintiff for his damages in said cause; that one of said defendant's attorneys, Le Roy Anderson was a specialist in such cases as this, and that he is the attorney for the United Verde Copper Company; and that it is a notorious fact that Mr. Anderson is one of the highest priced attorneys in the state."

Appellee's counsel, it is claimed, further stated to the jury that such counsel were entitled under the law to only a small percentage of the amount of the verdict as their fee. Appellee does not seriously deny that such statements were made, but claims, since no objection thereto was made at the time or before the case was finally submitted to the jury, the matter may not be reviewed upon appeal.

That remarks of this nature were highly improper and beyond the legitimate limits of argument cannot be questioned, and appellate courts have frequently reversed cases for just such misconduct. It is nevertheless true that the usual practice requires objection to be made at the time, and that the court be requested to admonish the jury to disregard the improper conduct, or an appellate tribunal will not consider it. *Crumpton* v. *United States,* 138 U. S. 361, 34 L. Ed. 958, 11 Sup. Ct. Rep. 355 (see, also, Rose's U. S. Notes); *Rush* v. *French,* 1 Ariz. 99, 25 Pac. 816; 3 C. J. 862–864.

The presumption is that an admonition to the jury by the court will remove the effect of the improper remarks. Unless, therefore, it appears that the misconduct was of so serious a nature that no admonition or instructions by the court could undo the damage, a failure to make timely objection is a waiver

of error. *Scott* v. *Times-Mirror Co.,* 181 Cal. 345, 12 A. L. R. 1007, 184 Pac. 672; *In re Thomas,* 26 Colo. 110, 56 Pac. 907.

Remarks made by counsel in the heat of argument are always taken by reasonable men *"cum grano salis,"* and when their impropriety is called to the attention of the jury by the court, it is but rarely that harm results. We do not think the misconduct in question was of such a nature that it could not have been cured by proper action by the court, and, such being the case, in the absence of an effort by appellant to invoke such action, we will not reverse the judgment for the remarks now complained of.

There are a few other points raised which we have considered, but not discussed, for the reason that they are either concluded by what we have already said, or are not of sufficient merit to justify an extension of this opinion.

There being no error in the record of sufficient gravity to require a reversal of the case, the judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.