419 P.2d 91

**The STATE of Arizona, Appellee,**

v.

**Charles E. WEBB and Don B. Smith, Appellants.**

**No. 1572.**

Supreme Court of Arizona.

In Banc.

Oct. 13, 1966.

Rehearing Denied Nov. 15, 1966.

Darrell F. Smith, Atty. Gen., and Gary K. Nelson, Asst. Atty Gen., for appellee.

John A. Metheany, Phoenix, for appellant Charles E. Webb.

James P. Cunningham, Phoenix, for appellant Don B. Smith.

BERNSTEIN, Vice Chief Justice.

Defendants appeal from judgments of conviction entered by the Maricopa County Superior Court for theft of money by false pretenses in violation of A.R.S. § 13–661, subsec. A, par. 3. Their appeals, having been consolidated before this court, will be considered together.

The only facts which need be presented concern the impaneling of the grand jury. Prior to the swearing in of any of those prospective grand jurors answering to the roll call, the court found good cause to excuse six of those present for reasons of illness, professional exemption, business commitments, or, in one case, a conflicting court appearance. Several other persons had been previously excused, a fact which was noted by the court.

Upon the county attorney's suggestion, the court then administered the oath to the prospective jurors still present for the purpose of examining their qualifications. After this examination the court excused a teacher, a high school principal and a gentleman in poor health.

Next, the court reviewed the exemptions listed in A.R.S. § 21–202 and excused ten people, seven of whom fell within the exemption statute, two who had business hardships, and one who suffered bad health. In addition, five persons were excused for unreported reasons and one person was excused because of his poor English.

The court then had the clerk call twenty-one jurors in the box and they were sworn. At this point the county attorney mentioned the qualifications contained in A.R.S. § 21–201 and the judge said anyone not qualified could see him in chambers. The record does not indicate that any others were excused.

One of the five persons excused for unreported reasons was a lawyer. Because he was late in returning from a recess, he was not present when the court excused him. He was later to testify that he had been anticipating the grand jury duty and that he had been anxious to serve. Nevertheless he was excused in this instance because the county attorney advised the court that the lawyer might be a witness in the trial of matters to be examined by the grand jury.

Defendants contend the grand jury was improperly impaneled because the prospective jurors excused for exemptions listed in A.R.S. § 21–202 did not comply with the A.R.S. § 21–203 procedure for claiming exemptions. They also contend that the trial court failed to examine the qualifications of the jurors as required by Rule 82, Rules of Criminal Procedure, 17 A.R.S. The fact that the county attorney mentioned the qualifications stated in A.R.S. § 21–201 had no effect, claim defendants, because he acted after the jury had been sworn. Had a juror been unqualified he could not have been challenged. Rule 86, Rules of Criminal Procedure, 17 A.R.S. Defendants further claim that the court erred when it excused the lawyer when he was out of the presence of the court. It is contended that the lawyer was entitled to be present by virtue of Rule 87, Rules of Criminal Procedure, 17 A.R.S., which provides in part that "All challenges shall be tried by the court." Defendants construe the quoted language to mean a prospective juror is entitled to be present at a "trial" to determine his qualifications. Defendants assert that the above rule and statutory violations constitute prejudice per se.

Arizona has very few decisions dealing with defects in grand jury impanelment, although we have held that when the trial court excuses prospective grand jurors we will presume, in the absence of contrary evidence, that it acted properly. Territory of Arizona v. Barth, 2 Ariz. 319, 15 P. 673. This principle applies to those grand jurors

excused by the court for undisclosed reasons.

We also think the principles governing the selection and qualification of petit juries are applicable to grand juries unless otherwise specifically prescribed. Indeed, it is apparent that petit jury defects will compel a reversal sooner than grand jury defects since the petit jury is directly responsible for the defendant's ultimate guilt or innocence. We have held that a conviction will not be reversed for error in the selection of a petit jury unless the defendant shows actual prejudice. State v. Narten, 99 Ariz. 116, 407 P.2d 81; State v. Sorrell, 95 Ariz. 220, 388 P.2d 429. In the instant case, defendants have not attempted to show actual prejudice, either on the issue of probable cause or in the competency of the grand jury to transact business. Cf. Abbott v. Superior Court of Pima County, 86 Ariz. 309, 345 P.2d 776.

In regards to the trial court's action in excusing the lawyer, this court has held that a defendant is not entitled to be tried by a particular juror, Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A.L.R. 3, jurors, City of Prescott v. Sumid, 30 Ariz. 347, 247 P. 122, or jury, State v. Hilliard, 89 Ariz. 129, 359 P.2d 66. Correspondingly defendants lack standing to contend that a prospective juror was deprived of his right to be present at a hearing to determine his grand jury qualifications. In any event, the lawyer had no right to such a hearing since jury service is not a matter of choice, or right, but is a duty imposed by the state. County of Maricopa v. Clifford Corp., 44 Ariz. 506, 39 P.2d 351.

If those jurors who actually serve are impartial and fair, the fact that other impartial jurors are erroneously excused is not reversible error. City of Prescott v. Sumid, supra. Defendants have failed to show that the grand jurors who returned their indictments did not act fairly and impartially.

Defendant Webb contends that the trial court erred in denying a motion for severance. We find his argument to be without merit. Rule 254, Rules of Criminal Procedure, 17 A.R.S., provides that defendants jointly charged with an offense, whether felony or misdemeanor, shall be tried together unless the trial court in its discretion orders separate trials. The decision of the trial court in granting or denying a motion for severance will not be reversed unless an abuse of discretion is shown. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397; State v. Roberts, 85 Ariz. 252, 336 P.2d 151. In respect to this rule the defendant Webb has failed to demonstrate any specific prejudice which could cause this court to find that the trial court had abused its discretionary power in denying separate trials.

Affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.