472 P.2d 35

**The STATE of Arizona, Appellee,**

v.

**Charles Frederick ZIMMER, Appellant.**

**No. 2049.**

Supreme Court of Arizona, In Division.

July 15, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Charles M. Giles, Tucson, for appellant.

McFARLAND, Justice:

Charles Frederick Zimmer, hereinafter referred to as defendant, was convicted and sentenced for the unlawful sale of marijuana. From this conviction and sentence he appeals.

On January 28, 1969, and February 18, 1969, trials of the defendant were held, and in each instance the court declared a mistrial. On February 22, 1969, he was again tried and the jury returned a verdict of guilty of the charge of unlawful sale of marijuana. Defendant contends the court erred in denying his motion for a mistrial based on improper empaneling of the jury. In the course of the trial the court examined the jurors on voir dire. Counsel for defendant made no examination, but when given the opportunity to do so by the court stated, "Your Honor, the defendant passes the panel." The list of jurors was submitted first to the county attorney who struck ten by exercise of his peremptory challenge. The defendant struck nine. The court then instructed the clerk to "call the first 12 names that are listed on the jury list." The clerk inadvertently skipped over the name of Marilyn Mae Bahn and called the name of a thirteenth juror, Joseph Burzawa. Rule 228, Rules Crim.Proc., 17 A.R.S., reads as follows:

"B. After the jury is full and complete,' the clerk shall make a list thereof and deliver it to the county attorney, who may strike therefrom the state's number of peremptory challenges or any lesser number. The list shall then be delivered to the defendant, who may strike therefrom the defendant's number of peremptory challenges or any lesser number. The list shall then be handed to the clerk who shall call the first twelve names remaining on the list, and those persons shall constitute the jury."

It is the contention of defendant that the skipping of Mrs. Bahn and calling of the thirteenth juror was prejudicial error. The court's attention was not called to this error of the clerk at the time the names were called, and no mention was made of it until the close of the evidence, when some one called the court's attention to the mistake. The court immediately called the counsel to his chambers and related what had happened. Thereupon defendant's counsel made a motion for a mistrial, which was denied; then he made a motion for a new trial, after the conviction, in which he stated:

"That he is the court-appointed attorney for the defendant herein; that on Monday, April 21, 1969, as counsel for the defendant he ordered and received 'Jury Service' which consisted of typed application forms gathered by a Clerk of the Pima County Superior Court on all of the prospective jurors and their experience having sat on other cases. The Jury Service was carefully perused in determining which jurors should be

struck by peremptory challenge. Counsel for the defendant formed an opinion that the juror, Mrs. Bahn, because of her husband's employment as a psychologist, would possibly be a favor [sic] defense juror, and therefore, counsel specifically wanted this juror to be on the trial jury. Through the error committed by the Clerk of the Court, the name of Mrs. Bahn was skipped and another juror substituted in her place.

"It is further submitted under oath, that counsel for the defendant did not know of the error by the Clerk until the fact was called to his attention at approximately 1:25 p. m. on the day of trial in the Court's Chambers."

Counsel for the defendant bases his argument that the skipping of the juror's name was prejudicial error primarily upon the case of State v. Thompson, 68 Ariz. 386, 206 P.2d 1037, in which the defendant was charged with assault with intent to commit murder. Thirty-two jurors were drawn in the box. They were examined by the court and the counsel. Thereafter, both the county attorney and the defense counsel exercised peremptory challenges. The clerk, in calling the names of the first twelve unchallenged jurors inadvertently called three jurors upon whom the defendant had exercised peremptory challenge. The defense counsel did not realize a mistake had been made until after the trial. The court held:

"This grave mistake by the clerk in the impaneling of the jury was properly brought to the attention of the lower court by defendant's motion for a new trial. Conner v. State, 54 Ariz. 68, 92 P.2d 524. The law governing the matter of new trials (section 44–2005, A.C.A. 1939) expressly states that same shall be granted, if the substantial rights of the defendant have been prejudiced, 'when from any other cause not due to his own fault the defendant has not received a fair and impartial trial.'

"The Constitution of Arizona, article 2, sections 23 and 24, guarantees to every person charged with a criminal offense the right to trial by jury, and this means not only a fair and impartial jury but one lawfully constituted. This is a most substantial right, the birthright of every free man, and a right which is justly dear to the American people. United State [sic] Fidelity & Guaranty Co. v. State, 65 Ariz. 212, 177 P.2d 823. (See cases and texts therein cited.) While it is true that there is no constitutional right to peremptory challenges in this state, it being purely legislative in origin (section 37–120, supra) or granted by rules of criminal procedure having the effect of law (section 44–1320, supra), still this is a substantial rather than a mere procedural or technical right and should be fully enforced as an aid in securing an impartial jury. Olympic Realty Co. v. Kamer, 283 Ky. 432, 141 S.W.2d 293. The right of peremptory challenge serves a very useful purpose. It is said in 31 Am.Jur., Jury, section 185:

" '* * * There can be no doubt that giving the prosecution a right of peremptory challenge tends to prevent hung juries and mistrials and to lessen the expense of criminal trials. Besides, experience has shown that one of the most effective means to free the jury box from men unfit to be there is the exercise of the peremptory challenge.' "

The facts are different in the instant case. No juror sat on the panel where a peremptory challenge had been made. In State v. Lovell, 97 Ariz. 269, 399 P.2d 674, we stated:

"A peremptory challenge is an arbitrary and capricious species of challenge to a certain number of jurors without showing bias or prejudice, or any cause. State v. Thompson, 68 Ariz. 386, 206 P. 2d 1037. Peremptory challenges are exercised by a party in rejection, and not in selection, of jurors and are not aimed at disqualification but are exercised upon qualified jurors as a matter of favor to the challenger. * * *"

This holding reiterated what was said in Thompson, supra, in which we further stated:

"* * * Defendant's statutory right to challenge ten jurymen peremptorily is right of rejection and not of selection. Philbrook v. United States, 8 Cir., 117 F.2d 632, certiorari denied 313 U.S. 577, 61 S.Ct. 1097, 85 L.Ed. 1534; People v. Roxborough, 307 Mich. 575, 12 N.W.2d 466, certiorari denied 323 U.S. 749, 65 S.Ct. 80, 89 L.Ed. 600, rehearing denied 323 U.S. 815, 65 S.Ct. 127, 89 L.Ed. 648. The right to peremptorily challenge jurors is an absolute right, and when this right is lost or impaired, the statutory conditions and terms setting up an authorized jury are not met. Olympic Realty Co. v. Kamer, supra.

"We are not unmindful that for many years this court has uniformly adhered to and enforced the rule that a conviction will not be set aside for mere technical errors or defects appearing in the record which do not affect the substantial rights of the accused. This substantial justice provision of the Constitution of Arizona (article 6, section 22) has been frequently invoked as to infractions of the formal rules of law relative to the selection and formation of juries, our decisions being to the effect that a defendant is not entitled to be tried by any particular jury, but merely by one which is fair and impartial. * * *"

In State v. Webb, 101 Ariz. 307, 419 P. 2d 91, we said:

"* * * We have held that a conviction will not be reversed for error in the selection of a petit jury unless the defendant shows actual prejudice. State v. Narten, 99 Ariz. 116, 407 P.2d 81; State v. Sorrell, 95 Ariz. 220, 388 P.2d 429. In the instant case, defendants have not attempted to show actual prejudice, either on the issue of probable cause or in the competency of the grand jury to transact business. Cf. Abbott v. Superior Court of Pima County, 86 Ariz. 309, 345 P.2d 776.

"In regards to the trial court's action in excusing the lawyer, this court has held that a defendant is not entitled to be tried by a particular juror, Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A. L.R. 3, * * *."

■ The basis for the holding of a violation of substantial rights is the compelling of the individual to accept a juror objectionable to him, it being recognized in Thompson, supra, that the peremptory challenge was a substantial right to reject a juror and not for the purpose of selecting one. There is nothing in the record in the instant case to show that the thirteenth juror was in any way objectionable to the defendant—either from the examination on voir dire or from his counsel's affidavit which was merely to the effect that he wanted Mrs. Bahn on the jury. This is not enough. As pointed out in Webb, supra, he must show "actual prejudice." The counsel, even after trial, in the affidavit of motion for new trial does not say that the thirteenth juror was objectionable to him, nor in his brief on appeal does he say that the thirteenth juror was objectionable. He made no objection when the jury list was called in court to Mr. Burzawa's sitting on the jury, so the record was void at that time and throughout the trial in regard to any objection to the thirteenth juror, and at no time was it in any way intimated that he was objectionable to the defense. Even the motion for a mistrial was not based upon any objection to the thirteenth juror. It was merely that defense counsel thought Mrs. Bahn would have been more favorable to the defendant.

■ All of the rules of law regarding the formation of a jury are intended to secure a fair and impartial jury for the trial of a defendant. However, defendant is not entitled to be tried by any particular jury; therefore, unless the record affirmatively shows that such a jury was not secured— even though some formal provisions regulating the manner of selection may have been disregarded—the case must be affirmed. State v. Hilliard, 89 Ariz. 129,

359 P.2d 66; Conner v. State, 54 Ariz. 68, 92 P.2d 524; Kinsey v. State, supra; Lawrence v. State, 29 Ariz. 247, 240 P. 863.

We accordingly hold that the defendant has failed to show that he was not tried by a fair and impartial jury, or that the thirteenth juror was objectionable to him, and that the clerk's calling of his name actually was prejudicial to his rights.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concur.