**460**

498 P.2d 534

**STATE of Arizona, Appellee,**

v.

**Leroy Carnine THOMPSON and Phillip Allen Thompson, Appellants.**

**No. 1 CA–CR 315.**

Court of Appeals of Arizona,
Division 1.

June 29, 1972.

Gary K. Nelson, Atty. Gen., by Albert M. Coury and William P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

John H. Grace, Flagstaff, for appellants.

HOWARD, Judge.

Appellants were tried by a jury for the crime of first degree burglary and were convicted and sentenced to the Arizona State Prison. The court imposed a sentence on Phillip Allen Thompson for a term of not less than three nor more than five years and on Leroy Carnine Thompson for a term of not less than one nor more than one year and one day.

Simultaneous with the filing of appellants' opening brief, attorney for the appellants filed a motion for permission to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967). This court denied the motion to withdraw on the ground that the brief was less than an advocate's brief and not acceptable as an Anders brief and gave appellants' counsel up to and including May 1, 1971, in which to file a supplemental opening brief and, if appropriate, renew the motion to withdraw. The supplemental opening brief was filed. In this latter brief counsel for the appellants states that he searched the entire record and believes the appeal to be frivolous.

Both the original opening brief and the supplemental opening brief were sent to appellants. In addition, appellants were sent the applicable portions of the record for their perusal and given an opportunity to file their own additional brief or memorandum. Although appellants indicated in correspondence to this court that they intended to file such additional memorandum, they failed to do so.

 This court has carefully read the transcript of the trial and examined the entire record on appeal as required by A. R.S. § 13–1715, subsec. B and Anders v. California, supra. Appellants' briefs mention that it was perhaps erroneous for the trial court to consolidate the appellants' cases for one trial. During the trial of the case a motion to sever was made based upon the fact that there was an alleged conflict of interest between the defendants. The charge against both appellants involved burglary of Denny's Restaurant located in Williams, Arizona. One of the defendants, Leroy Thompson, testified at the trial while the other did not. They were both represented by the same counsel at trial. The trial record does not reveal any conflict of interest. The decision of the trial court in granting or denying a

motion for severance will not be reversed unless an abuse of discretion is shown. State v. Webb, 101 Ariz. 307, 419 P.2d 91 (1966).

We agree with appellants' counsel that there is no error.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.