NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH PAUL MCKINNEY, *Appellant.*

No. 1 CA-CR 17-0069
FILED 4-26-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-002339-001
The Honorable Erin Otis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court,
in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

¶1            Joseph Paul McKinney ("McKinney") appeals his convictions and sentences for multiple counts of sexual abuse, sexual conduct with a minor, and kidnapping.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            In 2016, McKinney was indicted on fourteen counts related to the sexual abuse of minors from 1991 to 1992.  A nine-day trial was held in February and March 2016 ("March Trial"), which ultimately ended in a mistrial.  McKinney was then retried in November 2016 ("November Trial").  Before the November Trial the witnesses were informed that they were prohibited from mentioning the March Trial.  During the six-day November Trial, however, the victim/witness, L.L., referenced the previous trial five times.

¶3            On direct examination, the State asked L.L. whether she remembered a conversation she had with defense counsel and she responded, "[o]h, the last trial, yeah . . . ."  McKinney then moved for a mistrial, arguing L.L.'s reference to the prior trial was prejudicial.  The State objected, arguing a curative instruction would remedy any harm that may have arisen from L.L.'s reference to a previous trial.  The trial court denied McKinney's motion, finding L.L.'s brief reference to a prior trial did not warrant a mistrial.

¶4            On cross examination, L.L. again referenced a previous trial:

> Q.  Do you recall testifying previously that you [knew] there were times you asked him to stop, you just don't remember the words?
>
> A.  In trial or with Detective []?
>
> . . .
>
> Q.  When you were in this [therapy] group do you recall speaking to other people in this group about what had happened to you?
>
> A.  I don't remember ever giving any details.  I didn't really talk about this with any degree of detail until these trials or Detective [] apparently.

Q. Do you recall speaking about what had happened . . .

[A.] Sorry. I don't remember -- I don't remember speaking to anyone ever about details surrounding this until I was questioned by Detective [] and the trial.

. . .

Q. You never told [your sister] about what had happened to you when you were younger?

A. No.

Q. Not until this whole process started?

A. I think the first time she heard the details was at the last trial.

¶5        After L.L. testified, a juror asked: "Defense mentioned she testified in another case against [McKinney] – How many others have come forward [with] similar charges." McKinney then renewed his motion for a mistrial. The trial court denied McKinney's motion and, instead, gave a curative instruction, even though it was unclear, at times, whether L.L.'s reference to a trial referred to the current November Trial, or the previous March Trial. The curative instruction included McKinney's desired language that the jury did not return a verdict in the March Trial and read as follows:

> You have heard testimony that [L.L.] testified at a prior trial. That trial involved the same charges and the same alleged victims that are the subject of this trial. There was no verdict in the prior trial and you should not guess as to why there was no verdict or not -- let that affect your determination of the issues in this case.

¶6        After deliberation, the jury found McKinney guilty on ten of the fourteen counts. Before sentencing McKinney again moved for a mistrial based on L.L.'s references to a previous trial. In particular, McKinney argued the curative instruction was insufficient to overcome any prejudice and that the instruction drew too much attention to L.L.'s improper testimony. The court, however, denied the motion and sentenced McKinney to over eighty years in prison with 879 days pre-incarceration credit. McKinney filed a timely notice of appeal. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and

Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).

## ANALYSIS

**¶7** On appeal, McKinney argues that the trial court abused its discretion by denying his motion for mistrial. We review the trial court's denial of a motion for mistrial for an abuse of discretion. *State v. Kuhs*, 223 Ariz. 376, 380, ¶ 18 (2010).

**¶8** A trial court should grant a motion for mistrial only if no other remedy will correct the alleged wrong. *See State v. Herrera*, 203 Ariz. 131, 134, ¶ 4 (App. 2002) (finding that before granting a mistrial, the trial court "must evaluate the situation and decide if some remedy short of mistrial will cure the error" (quoting *State v. Adamson*, 136 Ariz. 250, 262 (1983))). A mistrial based on improper trial testimony is appropriate if the witness' testimony called the jurors' attention to matters they are not allowed to consider in reaching their verdict and if it was probable, under the circumstances of the case, that the witness' testimony influenced the jurors. *State v. Lamar*, 205 Ariz. 431, 439, ¶ 40 (2003) (citation omitted). A witness' unsolicited impermissible testimony, however, if brief, does not necessarily require a mistrial. *State v. Miller*, 234 Ariz. 31, 40, ¶ 26 (2013). Further, even if a jury hears improper testimony, the trial court need not grant a mistrial if, after viewing the testimony "in the context of the evidence in the case as a whole," the court determines a curative instruction would correct the error. *State v. Dann*, 205 Ariz. 557, 570, ¶ 46 (2003) *supplemented*, 206 Ariz. 371 (2003). *See also Kuhs*, 223 Ariz. at 380, ¶ 18 (finding the trial court is in the best position to determine the impact an objectionable statement had on the jury and on the trial (citation omitted)).

**¶9** Here, although portions of L.L.'s testimony may have called the jurors' attention to the fact that there was a previous trial, it is unlikely the jurors were influenced by L.L.'s brief references. Further, L.L.'s five references to "a trial"—some of which were unclear as to whether they referred to the March or November Trial—were the only times a previous trial was mentioned during the six-day November Trial, at which numerous witnesses testified. After considering the evidence presented, and how the impermissible statements were made, the court determined that a curative instruction would sufficiently resolve any potential error that may have arisen from L.L.'s references to a prior trial. We agree.

**¶10** The curative instruction explicitly informed the jury that there was a prior trial involving the same charges and victims as the November

Trial. Further, the curative instruction included McKinney's desired language that no verdict was reached in the prior trial and instructed the jury that they were prohibited from speculating as to why there was no verdict. We presume jurors follow jury instructions unless the record clearly indicates otherwise. *State v. Felix*, 237 Ariz. 280, 285, ¶ 17 (App. 2015); *accord State v. Prince*, 204 Ariz. 156, 158, ¶ 9 (2003). Although one juror asked how many other victims came forward after hearing L.L.'s references to a prior trial, this question was before the trial court gave the curative instruction. The record does not reflect that the jury was unable or incapable of following the court's instruction. If anything, the record reflects that the jury followed the court's instructions and carefully considered the charges and evidence because the jury acquitted McKinney on four charges.[1] *Cf. State v. Stuard*, 176 Ariz. 589, 600 (1993) (finding the jury's decision to acquit the defendant on some charges evidenced that the jury followed the court's precautionary instruction).

**CONCLUSION**

¶11          McKinney's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]          McKinney's argument that the trial court violated his due process rights by denying his motion for mistrial, resulting in his being tried by a partial jury, likewise fails. *See State v. Thomas*, 133 Ariz. 533, 537 (1982) ("[U]nless the record affirmatively shows that defendant was not tried by a fair and impartial jury, then there is no error." (citing *State v. Zimmer*, 106 Ariz. 166 (1970))). Here, the record does not support McKinney's argument that he was tried by a partial jury. As we previously found, the record reflects the jury's ability to follow the curative instruction and independently assess the case.