[No. 1127. Decided February 12, 1894.]

## J. C. RATHBUN, *Appellant*, v. THURSTON COUNTY, *Respondent*.

ACTION ON CONTRACT FOR COUNTY PRINTING — PLEADING — EVIDENCE — INTEREST OF JURORS.

In an action to recover for services in doing the county printing, a complaint is demurrable for want of facts, when it does not allege that the work was done by plaintiff or that he had any interest in the newspaper in which the official notices were published.

In such an action, the answer states facts sufficient to constitute a defense when it alleges that plaintiff sold his paper in which he had contracted to do county printing, and had refused and neglected to carry out and perform his contract, by reason of which defendant was compelled to enter into a contract with another to do the printing for said county, for the unexpired time covered by

the contract with plaintiff, and that the printing for which plaintiff now sought to recover had been done by another under such subsequent contract.

In such an action, the plaintiff should be non-suited, when the evidence shows that he had sold the paper in which he contracted to do the county printing to another, and that the county commissioners refused to furnish him with any more notices for publication.

The interest of jurors as taxpayers of a county in an action against the county will not disqualify them from serving as a jury to try the cause.

*Appeal from Superior Court, Thurston County.*

*Phil. Skillman*, and *J. C. Rathbun*, for appellant.

*Milo A. Root*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action brought by the appellant to recover pay for services alleged to have been rendered under a contract made with the county of Thurston, for the publication of certain notices between the first day of July, 1890, and the first day of July, 1891. The amount claimed to be due is the sum of $3,659.60.

The respondent admits entering into the contract with appellant, but denies that the appellant performed the services alleged, and alleges that upon the failure and refusal of appellant to carry out said contract, it entered into another contract with one B. M. Price, and the work was so done by Price and not by the appellant. The case was tried in the superior court, resulting in a verdict for the respondent. Judgment was entered, and from such judgment the appeal is taken to this court.

The contract was to do the work of the county from July 1, 1890, to July 1, 1891; and the notices were to be published in the newspaper named the "*Olympia Review*," a weekly newspaper published at Olympia, of which appellant was the publisher. After the execution of the con-

tract, but before the publication of the notices which were involved in this action, the appellant sold the *Review* to one B. M. Price, and its name was changed to the "*Weekly Capital.*" The publications of the notices involved were thereafter made in the *Weekly Capital*, under a contract made by the county with Price, the publisher of the *Capital*. The claim of the appellant is, that when he sold the *Review*, he made arrangements with Price to continue the county printing; that the work was thereafter done by Price as his agent, and that he is, therefore, entitled to pay for the same.

The first assignment of error by appellant is the sustaining of respondent's demurrer to appellant's original complaint. We think the demurrer was properly sustained. All the allegation of services in the complaint was as follows:

"That the advertising and official publication of all notices of the defendant from April 11, 1891, to July 1, 1891, were published in the said *Weekly Capital* with the consent of defendant and by its directions."

There is no allegation whatever that such work was done by the plaintiff, or that he had any interest whatever in the *Weekly Capital*, and no presumption that such was the case can be indulged in. If it could be, the defense which the county has made to this complaint could not be entertained; for the very essence of the defense is that such publications made in the *Capital* were not made under the contract with the appellant.

An amended complaint was filed, to which an answer was interposed, alleging that prior to the 11th day of April, 1891, plaintiff had sold the paper referred to in his complaint as the *Weekly Capital* to one B. M. Price, and had failed, refused and neglected to carry out and perform his contract; and that by reason of said neglect, failure and refusal on the part of the plaintiff, the defendant was

compelled to and did enter into a contract with B. M. Price as the publisher of the *Capital*, to do the printing for said county between the 11th day of April, 1891, and the 1st day of July 1891, and that all printing done for said county was done under contract with said B. M. Price and not under any contract with this plaintiff. Whereupon plaintiff moved to strike from the answer the allegation of the sale of the paper to Price and the contract entered into by the county with Price, and all that portion of the answer concerning its transaction with Price, which motion was overruled by the court.

It is urged by the appellant that one party to a contract cannot escape his liability by making a new contract covering the same work with the agent or servant of the other party, and that it is not proper to offer such contract in evidence when defending an action brought on the first contract. There is no doubt of the correctness of this proposition, and had this action been brought against the county for breach of contract, the answer objected to and the proof offered thereunder would have been irrelevant, and it would plainly have devolved upon the county to have proven that plaintiff had abandoned his contract. In that event it would have made no difference whether they had entered into any subsequent contracts or not; for they would have been relieved of the payment of this claim by reason of such abandonment. But plaintiff does not sue the county in this action for the violation of any contract, but for services rendered under the contract, and the allegations objected to are relied upon by the county to show that some one else, and not the plaintiff, performed the services, which we think, in this character of action, was perfectly admissible, because, if proven, they would certainly be a perfect defense to the complaint.

We think the instructions given by the court were substantially correct, and that if there was any error at all

committed by the court in such instructions, such errors were in favor of appellant.

This brings the case to the question of the sufficiency of the evidence. It is urged by the appellant that the jury being taxpayers, and this action being an action against the county, the jury are, to a limited extent, interested. This is an interest that is not taken into consideration by the law. They are qualified jurors in such cases and their verdict must receive the same consideration at the hands of this court as the verdict of a jury in any other case. Even if we should have a different view of the weight of the testimony from that reached by the jury, we would not feel justified in disturbing it. But an examination of the record in this case leads us to the conclusion that the verdict was sustained by the clear weight of testimony. We are of the opinion that the testimony of the plaintiff alone justified the request of the respondent for a non-suit.

We do not think that under the statute the county can be placed in the position which the testimony of the appellant shows that he sought to place the county in this case. Conceding for the purposes of the case, which we are not now prepared to say we would concede if the question was properly before us, that the county would be bound by its contract where the paper with which it had contracted had been sold to another publisher and its name changed, it is asking too much of the county to have its notices placed on wheels to be run around to different papers in the county, the standing of which was not taken into consideration by the county when it entered into the contract, and to be drawn into the inconvenience of, and made a party to, any such controversy as the testimony of the appellant shows existed between him and Price, the publisher of the *Capital*.

But outside of this question, we say the testimony of the appellant shows, not only that he had deprived himself of

the power of complying with the contract, but that the commissioners actually refused to allow him to do the work; for he testified as follows:

"The work was done by the *Standard* for a short time, when the commissioners or the auditor's office refused to give me any more work at all. They paid the bill, however, for the work I had done at the *Standard*."

If this is true, that the commissioners refused to give him work, then, even presuming that he had not rendered himself incompetent to do the work, there was a plain violation of the contract by the commissioners, and his remedy was a suit for damages for violation of the contract, and not for services performed which evidently were not performed by him, if the commissioners refused to give him the work to do.

The auditor, Tweed, testifies that Rathbun made a formal demand that the printing be delivered to him and that it should not be sent to the *Capital*; but that he, the auditor, insisted that it should go to the *Capital*. He also testifies positively that the work was done under the new contract with Mr. Price. Garfield, the deputy auditor, testifies that the appellant demanded of him that he should not take the county printing to the *Weekly Capital* for publication; that it should go to him for publication, that it should not be taken to the *Capital*. That he afterwards had a conversation with the appellant, and the appellant informed him that he was the contractor for the county printing, and that it should be taken to the office of the *Weekly Standard* for publication; and when asked by what authority he took the notices to Mr. Price, his answer was: "By authority of the contract which existed between the county and Mr. Price, and by the direction of the executive in the office."

It seems very plain to us from the testimony that, whatever rights the appellant may have against the county for violation of contract, where the measure of damages would

be altogether different, there is no testimony here to support his claim for services rendered. In fact, he testifies himself that he was present when they were awarding further contracts for this same work, and entered a protest against the action of the commissioners in that respect.

We think the judgment must be affirmed.

ANDERS, HOYT, STILES and SCOTT, JJ., concur.