[No. 16221.   Department One.   May 14, 1921.]

## J. C. MIRONSKI, *Appellant,* v. SNOHOMISH COUNTY, *Respondent.*[1]

JURY (41)—COMPETENCY—PECUNIARY INTEREST—TAXPAYER.   The pecuniary interest of taxpayers in an action against a county for damages is not such as to disqualify them from serving as jurors and necessitate the transfer of the cause to another county for trial.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered May 18, 1920, upon the verdict of a jury rendered in favor of defendant, in an action in tort. Affirmed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.

*Thos. A. Stiger,* for respondent.

FULLERTON, J.—The appellant, Mironski, brought this action in the superior court of Snohomish county, to recover for personal injuries. At the time of his injury, the appellant was riding in an automobile driven by another over a public highway in the respondent county. While crossing a bridge, forming a part of the highway, the driver for some cause lost control of the automobile and it was precipitated over the side of the bridge, through the railing of the bridge into a water course below. The appellant alleged in his complaint that the accident was due to the defective condition of the bridge. After issue joined, a trial was had before a jury, which resulted in a verdict and judgment in favor of the county.

The appellant, while assigning a number of errors, rested his case in this court on the assignments that the court erred in refusing to grant his motion for a change of venue to another county, and erred in the

[1]Reported in 197 Pac. 781.

overruling his challenge to the jury impaneled to try the cause. The motion and challenge were based on the ground that the jury were tax-payers of the county, and were thus disqualified to sit as jurors because having an interest in the result of the action. The question, we think, does not require extended discussion. Prior to the passage of the existing statute requiring a juror to be a tax-payer of the state (Rem. Code, § 94-1) this court, in the somewhat early case of *Rathbun v. Thurston County,* 8 Wash. 238, 35 Pac. 1102, held that a tax-payer, called as a juror in an action to recover against a county in which he was a tax-payer, was not subject to a challenge on the ground that he had an interest in the result of the action. In the later case of *State v. Krug,* 12 Wash. 288, 41 Pac. 126, it was held that the fact that a juror was a tax-payer of the county was not ground for challenge on the trial of a public officer charged with the embezzlement of the funds of the county. Since the passage of the act cited, we have held that the requirement therein contained, namely, that a juror shall be a tax-payer of the state, violated no constitutional provision. *State v. McDowell,* 61 Wash. 398, 112 Pac. 521, Ann. Cas. 1912C 782, 32 L. R. A. (N. S.) 414. The rule is rested on the principle that the interest of the tax-payer in the result of the action is so remote, indirect and slight that it may fairly be supposed to be incapable of affecting his judgment. While the rule thus announced, as the appellant argues, may be opposed to the weight of authority, it is not without support in other jurisdictions. *Kentucky Wagon Mfg. Co. v. Louisville,* 97 Ky. 548, 31 S. W. 130; *Omaha v. Olmstead,* 5 Neb. 446; *Jackson v. Pool,* 91 Tenn. 448, 19 S. W. 324; *McClure v. Red Wing,* 28 Minn. 186, 9 N. W. 767; *Smith v. German Ins. Co.,* 107 Mich. 270, 65 N. W. 236, 30 L. R. A. 368. In the last cited case, this language is used:

"Section 7555, 2 How. Stat., provides that the list of jurymen shall be taken from the assessment roll, and each regular juror was presumably a taxpayer of that county; but section 466, I How. Stat., provides: 'On the trial of every action in which a county shall be interested, the electors and inhabitants of such county shall be competent witnesses and jurors.'

"The contention is that this act is unconstitutional, as it seeks to deprive a party of the right to a trial by an impartial jury. We think there is no force in this contention. It is competent for the legislature to provide that, where the interest of a person is merely that of a taxpayer of a municipal corporation, it shall constitute no disqualification of him as a juror, judge, or commissioner in a case where the corporation is a party. As was said in *City of Minneapolis v. Wilkin*, 30 Minn. 140, 15 N. W. 668: 'This does not infringe upon the constitutional right of a party to an impartial tribunal to hear his cause. Public policy and the necessities of the case require that this should be so. The ground upon which such ruling is usually placed is that such an interest is so remote, indirect, and slight that it may be fairly supposed to be incapable of affecting the judgment or influencing the conduct.'"

Our conclusion, therefore, is that the trial court did not err in the rulings of which complaint is made, and the judgment will stand affirmed.

PARKER, C. J., BRIDGES, MACKINTOSH, and HOLCOMB, JJ., concur.