[No. 35341. Department Two. March 17, 1961.]

WILLIAM THOMAS GAUNT, *Appellant,* v. THE ALASKA
STEAMSHIP COMPANY, *Respondent.*[1]

*Warner, Pierce & Peden (B. Gray Warner,* of counsel),
for appellant.

[1] Reported in 360 P. (2d) 354.

*Bogle, Bogle & Gates* and *Ronald E. McKinstry,* for respondent.

FOSTER, J.—Appellant Gaunt, a seaman, sued the respondent for personal injuries sustained on its "SS Iliamna." Appellant was one of three seamen ordered to take down a turnbuckle and forward stay which required them to work near a deck cargo of creosoted and slippery telephone poles. While so engaged, the appellant fell, causing the injuries for which he sued. The action is based upon both the respondent's negligence and the unseaworthiness of its vessel.

The jury found by special verdict[2] that the injury was not caused by either respondent's negligence or the unseaworthiness of its vessel.

■ Assumption of risk is abolished by the Jones Act. 46 U.S.C.A., § 688; 45 U.S.C.A., §54. Appellant claims that an instruction raised the defense of assumption of risk under the guise of contributory negligence, but this completely ignores the special verdict that the respondent was not negligent.

*Sulentich v. Interlake Steamship Co.,* 257 F. (2d) 316, 318 (7th C. A., 1958) answers this argument:

"These contentions are based primarily upon the false assumption that before the jury could return a verdict in favor of the defendant the defendant had to prove its affirmative defense by a preponderance of the evidence. That is not the law. If the jury found that the plaintiff had failed to prove negligence on the part of the defendant it was warranted in returning a verdict for the defendant even though it also believed that the defendant had failed to sustain the burden of its affirmative defense. . . ."

The assignment of error is without merit.

■ The appellant assigns no error to the jury's finding

---

[2]"INTERROGATORY No. 1: Was the injury, if any, to the plaintiff on August 10, 1958, while serving as a member of the crew of the S. S. 'ILIAMNA' occasioned by

"(a) Negligence of the defendant?

"ANSWER: *No* ('Yes' or 'No')

"(b) Unseaworthiness of the vessel?

"ANSWER: *No* ('Yes' or 'No')"

that the respondent was not negligent. We do not search the record to aid his cause. *Bristol v. Streibich,* 24 Wn. (2d) 657, 167 P. (2d) 125.

██ Appellant contends that juror No. 7 was intoxicated on the final day of the trial and that it was error to deny a new trial. Early that day, the bailiff informed the trial court that some jurors had questioned the capabilities of the juror, which caused the trial judge thereafter to scrutinize the juror's actions very closely. Based upon such observation, the court concluded:

". . . I saw nothing on the last day of the trial after the bailiff had spoken to me which caused me to feel that she was under the influence of intoxicating liquor."

Whether a juror is guilty of misconduct is factual, and the determination of such fact by the trial court will not be disturbed except for abuse of discretion. *Dibley v. Peters,* 200 Wash. 100, 93 P. (2d) 720. The court considered all affidavits filed by both parties, and the court itself observed the juror carefully. There was no abuse of discretion. On the contrary, discretion was wisely exercised. Absent a finding that the juror was intoxicated, we need not consider, as the appellant urges us to do, the law relative to intoxication of jurors.

Finally, the appellant assigns error to the trial court's failure to give certain requested instructions, one of which dealt with assumption of risk which is rendered moot by the verdict. Two others dealt with subject matter properly covered by other instructions. A fourth instruction sought to separate custom and standard of care.[3]

---

[3] "I instruct you that usage and custom cannot justify negligence, nor serve to excuse a party from responsibility for carelessness. Methods employed in any trade or business, however long continued, cannot avail to establish as safe in law, that which is dangerous in fact.

"Conformity to custom is not in itself the exercise of due care. However, the want of conformity to established custom may be negligence where it appears that the custom was designed to promote safety.

"Therefore, you may consider evidence of usage and custom along with all the other evidence in the case in determining the issue of negligence and contributory negligence; remembering that what ought to be done is that which an ordinarily prudent man would have done under like or similar circumstances, whether it is customary to comply with that standard or not."

Evidence of the usual custom of seamen is competent to show what constitutes a reasonable standard of care. *Cantrill v. American Mail Line*, 42 Wn. (2d) 590, 257 P. (2d) 179. Appellant's requested instruction minimized this rule and was, therefore, a request for a slanted instruction. Such instructions are properly refused. *Duplanty v. Matson Nav. Co.*, 53 Wn. (2d) 434, 333 P. (2d) 1092.

The judgment of the trial court is affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.