[No. 25727-7-I.   Division One.   September 16, 1991.]

DAVID DEAN, *Appellant*, v. GROUP HEALTH COOPERATIVE
OF PUGET SOUND, *Respondent*.

*Mark W. Davis, Gayle M. Harthcock,* and *Curran,
Kleweno & Johnson,* for appellant.

*Mary H. Spillane* and *Williams, Kastner & Gibbs,* for
respondent.

KENNEDY, J. — Appellant David Dean initiated this medical negligence action against respondent Group Health Cooperative of Puget Sound (Group Health), alleging that the negligence of the physicians employed by Group Health resulted in failure to detect a brain tumor affecting appellant. Appellant claims that the negligent delay in detecting the tumor, coupled with negligence in the treatment of appellant by Group Health after the presence of the tumor had been detected by a non-Group Health physician, resulted in severe injuries to appellant. Following a lengthy trial, the jury returned a verdict in favor of Group Health. Appellant moved for a new trial on the basis that error by the trial court in juror selection and actual juror misconduct deprived him of a fair trial. The trial court denied this motion and appellant brought this timely appeal. We affirm.

## ISSUES

The appellant presents two issues in this appeal. The first is whether the trial court erred in failing to exclude for cause potential jurors who were subscribers of Group Health Cooperative. The second issue is whether the trial court erred in denying appellant's motion for a new trial based on the allegation that misconduct by one of the jurors so affected jury deliberations as to deny appellant a fair trial. The issues depend on whether the trial court abused its discretion in making the rulings on jury selection and in denying appellant's motion for a new trial. *See Beck v. United States*, 298 F.2d 622, 629 (9th Cir.), *cert. denied*, 370 U.S. 919, 8 L. Ed. 2d 499, 82 S. Ct. 1558 (1962); *Olpinski v. Clement*, 73 Wn.2d 944, 950, 442 P.2d 260 (1968); *Gaunt v. Alaska S.S. Co.*, 57 Wn.2d 847, 849, 360 P.2d 354 (1961).

## FACTS

The pertinent facts concern the jury selection process and the conduct of a juror during voir dire and during the

jury's deliberations. The record provided by the parties for review on appeal is limited to the record of proceedings of jury selection and the hearing on the motion for a new trial based on the allegation of juror misconduct.

Jury selection began on November 28, 1989. In the process of selecting potential jurors, the trial court asked if seasonal plans would prevent any jurors from serving if the trial lasted until December 22, 1989. Because this preliminary question eliminated substantial numbers of potential jurors, the trial court called two panels of potential jurors to allow a large enough body from which the trial jury could be drawn.

One of the trial court's general questions to the potential jurors was whether any had strongly held beliefs or opinions about the effect of jury awards on a physician's ability to practice medicine. The court then asked the jurors if any had doubts about their own ability to follow the trial court's instructions. Two potential jurors then indicated that they held prejudices, one against Group Health Cooperative, one in favor of Group Health Cooperative, that would keep them from being impartial. Both jurors were excused by the trial court. The court asked appellant if he had any general questions to be put to the potential jurors. Appellant asked two questions, one involving familiarity with CAT scan procedures and the other regarding familiarity with a drug involved in the case.

Individual voir dire began on November 29, 1989. In examining each of the prospective jurors, counsel for appellant inquired whether he or she had any relationship to Group Health Cooperative, either as a member (subsequently described by appellant as having voting privileges within the Cooperative), or as a subscriber (described as holding a policy without voting privileges). Although six of the potential jurors stated that they belonged to Group Health Cooperative, only one, juror Ashby, stated that he had actually voted. Appellant originally passed juror Ashby for cause.

At the lunch break on the first day of individual voir dire, appellant stated to the trial court that he was not waiving any challenges for cause as to voting members of Group Health Cooperative. Later that day, following the passing of 12 potential jurors for cause, appellant presented the argument to the trial court that a voting member of Group Health Cooperative should be disqualified from the jury for cause. Only one juror was identified in the course of this argument and that was juror Ashby. Although appellant suggested at one point that it might be appropriate to allow further inquiry into membership status of all the potential jurors who had indicated they were covered, the argument presented focused exclusively on juror Ashby. To this point, voir dire had revealed three other jurors affiliated with Group Health Cooperative: (1) juror Beier, who received Group Health coverage through her employment; (2) juror Olsen, who identified herself as a "subscriber" and who received Group Health coverage through her husband's employment; and (3) juror Peterson, who received Group Health coverage through his employment. The trial court removed juror Ashby but stated that the challenge for cause would not apply to any of the other jurors. Appellant did not specifically request that the challenge be applied to any of the other prospective jurors.

The jury panel was subsequently passed again for cause and peremptory challenges began. Appellant exercised two peremptory challenges. Appellant used one peremptory challenge to excuse the single prospective juror unsuccessfully challenged for cause, juror Carroll. Juror Carroll had been called to fill a vacancy created by Group Health's exercise of a peremptory challenge. Juror Carroll stated that she received voting material from Group Health Cooperative but that she had never voted. Appellant waived his third peremptory challenge and accepted

the jury as constituted, including the three jurors affiliated with Group Health Cooperative.[1]

On December 14, 1989, at the conclusion of the trial, the jury retired to deliberate. On December 19, the jury returned a verdict in favor of Group Health. The jury was polled and only one juror indicated dissent from the verdict.

On January 5, 1990, appellant filed a motion for a new trial. This motion requested a new trial on two grounds. The first was that all Group Health Cooperative participants should have been excluded from the jury. The second was that one of the jurors had demonstrated personal interest in the outcome of the case during the course of deliberations. In support of the second ground appellant presented affidavits from two of the jurors. In these two declarations the jurors stated that juror Beier had stated, in the course of deliberations, some concern that a plaintiff's verdict in the case would affect the cost of her health care premiums. Juror Beier was a subscriber at Group Health Cooperative. Her coverage was through her employment at The Boeing Company.

Group Health answered appellant's motion with an opposing memorandum. This memorandum was supported by declarations of nine of the other jurors. In six of these declarations, the jurors stated that they did not recall any discussion about what effect a plaintiff's verdict might have on insurance rates. One juror recalled a general comment made after deliberations and one recalled a general comment but could not recall who made it or when it was made. The ninth declaration was from juror Beier, who stated that to the best of her recollection she had made a comment to the effect that malpractice

[1]We note that at the time appellant waived his third peremptory challenge, only two prospective jurors remained in the courtroom. During group voir dire, one of those two jurors had expressed his concern that he had been a member of Group Health Cooperative for so long that it might color his deliberations. The other remaining juror was eventually drawn and served as an alternate until the case was submitted to the jury.

could affect insurance rates, but could not recall when that comment was made. At the hearing on the motion for new trial, appellant explained that his motion was based on three points: (1) that he had "implied" a case for dismissal for cause of the three jurors who had been Group Health "members"; (2) that juror Beier had demonstrated actual bias; and (3) that juror Beier had engaged in misconduct in failing to reveal her bias in favor of Group Health. The trial court denied the motion without further discussion on the dismissal for cause issue, but stated that appellant failed to demonstrate either actual bias or misconduct on the part of juror Beier.

## DISCUSSION

The decision to grant or deny a motion for new trial rests within the sound discretion of the trial court. *Thompson v. Grays Harbor Comm'ty Hosp.*, 36 Wn. App. 300, 307, 675 P.2d 239 (1983). A trial court abuses its discretion if its decision is based upon untenable grounds or upon untenable reasons. *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 77, 684 P.2d 692 (1984); *Lindgren v. Lindgren*, 58 Wn. App. 588, 595, 794 P.2d 526 (1990), *review denied*, 116 Wn.2d 1009 (1991).

## I
### JUROR SELECTION

Appellant relies heavily on the decision of this court in *Rowley v. Group Health Coop.*, 16 Wn. App. 373, 556 P.2d 250 (1976) in support of the argument that the trial court should have excused all participants of Group Health from the jury panel. In *Rowley*, this court held, in a factual situation similar to the present case, that it could not conclude the trial court erred where the record failed to disclose the exact nature of the relationship between the jurors seated and Group Health Cooperative. 16 Wn. App. at 379. The court cited the following factors in determining whether a member of Group Health Cooperative

might be so "interested" as to be subject to dismissal for cause:

> [W]hether the members of Group Health possessed assessable or nonassessable policies; whether their relationships to Group Health were akin to that of a shareholder of a corporation; or whether their interests amounted to a substantial pecuniary involvement as required by *Rathbun* [*v. Thurston Cy.*, 8 Wash. 238, 35 P. 1102 (1894)] and *Mironski* [*v. Snohomish Cy.*, 115 Wash. 586, 197 P. 781 (1921)].

16 Wn. App. at 379.[2] Appellant contends here that there is enough of a record for this court to determine that three of the jurors were sufficiently "interested" in Group Health Cooperative to qualify as impliedly biased within the scope of RCW 4.44.180(4)[3] so that they should have been removed for cause.

■ We hold that the trial court's decision to deny appellant's motion for a new trial on the basis of error in jury selection was based on tenable grounds. The record before us indicates that none of the jurors affiliated with Group Health Cooperative paid his or her own premiums, thus, none held a direct pecuniary interest in Group Health Cooperative so that they were sufficiently interested to qualify as impliedly biased within the scope

---

[2]The language quoted from *Rowley* as to whether a member of Group Health might be so "interested" as to be subject to dismissal for cause must be considered dicta because this court decided there was not enough record to make that determination. Because this court based its decision on the fact that the record was too incomplete to make that determination, it was not necessary for the court to consider the effect of that appellant's failure to exhaust his peremptory challenges, or his apparent failure to actually challenge the individual jurors on the basis of the "interest" they allegedly held.

[3]RCW 4.44.180(4) provides:

"A challenge for implied bias may be taken for any or all of the following causes, and not otherwise:

" . . . .

"(4) Interest on the part of the juror in the event of the action, or the principal question involved therein, excepting always, the interest of the juror as a member or citizen of the county or municipal corporation."

of RCW 4.44.180(4). The trial court did not err in failing to dismiss these jurors for cause.[4]

The trial court's decision to deny appellant's motion for a new trial also can be upheld on the tenable bases that appellant failed to use his last peremptory challenge and that of the three jurors affiliated with Group Health Cooperative, only one, juror Carroll, was actually challenged for cause. Appellant subsequently removed juror Carroll on a peremptory challenge. Appellant argues that the removal by peremptory challenge did not waive the error, citing *Miles v. F.E.R.M. Enters., Inc.*, 29 Wn. App. 61, 64, 627 P.2d 564 (1981). In *Miles*, however, the appellant had been required to use the *last* peremptory challenge to remove a juror who had been challenged for cause and not removed on that basis. Although the court in *Miles* indicated that it was prejudicial in itself to fail to remove a juror for cause when that juror should have been excused, that language is clearly dicta because the court decided the trial court had not abused its discretion in determining that the juror should not have been dismissed for cause.

■ A better rule is stated in *State v. Robinson*, 75 Wn.2d 230, 231, 450 P.2d 180 (1969) and *State v. Reid*, 40 Wn. App. 319, 321-22, 698 P.2d 588 (1985), *i.e.*, a party accepting a juror without exercising its available challenges cannot later challenge that juror's inclusion. This rule was pronounced in the course of criminal cases which concern liberty interests rather than the property interest at stake in a civil action such as the present case. It would seem inappropriate to apply a more liberal standard to the failure to exhaust challenge questions

---

[4]This case is close. The test to determine if a juror, who is a participant of Group Health Cooperative, is sufficiently interested to qualify as impliedly biased within the scope of RCW 4.44.180(4) is whether the juror holds a direct pecuniary interest in Group Health Cooperative. A direct pecuniary interest can be established if the juror is paying his or her own premiums. Nothing in the record before this court indicates that any of the three jurors were paying their own premiums or that they had any other direct pecuniary interest in Group Health Cooperative.

here than that applied in *Robinson* and *Reid*. However, this suggestion appears to be at the heart of appellant's argument.

## II
### JUROR BIAS/MISCONDUCT

The second issue raised by appellant is whether the trial court should have granted a new trial based on his allegations of actual bias[5] and misconduct by juror Beier. Appellant argues that juror Beier was guilty of misconduct because she failed to admit her actual bias in voir dire. The trial court, in ruling on appellant's motion for a new trial, found that appellant failed to show that juror Beier demonstrated any bias so as to affect appellant's right to a fair trial, and therefore, she could not have been guilty of misconduct. Appellant asserts that the trial court committed an error of law by failing to recognize that juror Beier's nondisclosure of bias constituted prejudice per se.

Appellant's argument, however, assumes that appellant has proven that juror Beier had been biased in the first instance so as to require disclosure. If juror Beier had been biased her failure to disclose that bias would constitute misconduct. The question of whether a juror is guilty of misconduct, however, is a factual question for the trial court and its determination will not be disturbed absent a showing of an abuse of the trial court's discretion. *Gaunt v. Alaska S.S. Co.*, 57 Wn.2d at 849; *Kellerher v. Porter*, 29 Wn.2d 650, 663-64, 189 P.2d 223 (1948). Appellant assumes that the presentation of the two declarations establishes the facts proving bias and misconduct. The fact remains, however, that appellant's declarations were opposed by other declarations which support the trial court's conclusion that neither bias nor misconduct

---

[5]RCW 4.44.170(2) defines actual bias:

"(2) For the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging, and which is known in this code as actual bias."

had been established. It is not the province of this court to reweigh the evidence considered by the trial court. Although the evidence presented to the trial court in support of the motion for new trial was in the form of declarations, the trial judge also had the advantage of observing the demeanor of the jurors during voir dire and throughout the trial, an advantage not available to this appellate court. We therefore hold that the trial court's decision to deny appellant's motion for a new trial based on his allegation of bias or misconduct on the part of juror Beier has a tenable basis.

## CONCLUSION

Appellant has failed to establish that the trial court erred in its rulings. Appellant failed to present specific challenges for cause to the jurors now challenged. Additionally, the record before this court indicates that none of the jurors on the panel affiliated with Group Health Cooperative held a direct pecuniary interest in Group Health Cooperative. Furthermore, appellant waived any error by failing to exhaust his peremptory challenges. Appellant has also failed to establish error in the court's ruling on juror bias and misconduct. We cannot rule that the trial court abused its discretion by believing the proof offered by Group Health rather than the proof offered by appellant as to whether bias or misconduct had been present in the jury deliberations, particularly in view of the trial court's opportunity to observe juror Beier during individual voir dire and throughout this lengthy trial.

Since no error has been demonstrated, appellant's arguments as to cumulative error are also without merit.

We affirm.

FORREST and AGID, JJ., concur.