[Criminal No. 227. Filed March 30, 1906.]

[85 Pac. 948.]

## C. C. LEIGH, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—JUROR—QUALIFICATIONS—OPINION—QUALIFIED—UN-QUALIFIED—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 910, SUBD. 13, SEC. 915, CONSTRUED.—Under section 910, subdivision 13, *supra*, providing that a juror may be challenged for cause for the existence of a state of mind which will prevent him from acting with entire impartiality, and section 915, *supra*, providing that when a challenge is interposed for the above reason no person shall be disqualified by reason of having formed or expressed an opinion founded upon public rumor, statements in public journals, or common notoriety, provided it be a qualified opinion, and it appears to the court that the juror will act impartially, the existence of an unqualified opinion, derived from any source whatever, disqualifies the juror; but a qualified opinion, whether founded upon public

X Ariz.—9

rumor, statements in public journals, common notoriety, actual knowledge of the facts, or statements by a party or witness, does, not disqualify, if in the opinion of the court the juror can nevertheless act fairly and impartially.

2. SAME—APPEAL—JUROR—QUALIFICATION—IN DISCRETION OF COURT—WHEN NOT DISTURBED ON APPEAL.—The determination of the question whether or not a juror who has formed an opinion is able to act impartially, is one which must be left largely to the wise discretion of the trial court, and the determination of the trial court in that regard will not be disturbed on appeal, unless it appears, to be clearly erroneous.

3. SAME—JURORS—COMPETENCY—OPINIONS.—A juror in a criminal case,. who stated that the opinion he had was formed upon what he heard. about the case, that it was not a fixed opinion, but it would take: evidence to remove it, and that he had not expressed a settled. opinion of his guilt or innocence, as well as one who testified that. he had not talked with the witnesses, but formed his opinion. on hearsay, that his opinion could be changed by evidence, and that. he did not know that he had a fixed and settled opinion of the guilt. or innocence of the accused, was not subject to challenge for cause. for partiality.

4. SAME—SAME—SAME—SAME.—A juror in a criminal trial who stated. that he had formed an opinion which could be changed by evidence; that his opinion was formed on facts which he had heard and was fixed if the facts were true, otherwise it could be changed,. and who in his last answer merely acceded to the statement of counsel, that he had a fixed, unqualified opinion, was not necessarily disqualified.

5. SAME—CHALLENGE—GROUND MUST BE STATED—REV. STATS. ARIZ.. 1901, PEN. CODE, SEC. 914, HELD MANDATORY.—Section 914, *supra*,. providing, "In every challenge for any of the causes specified in section 910, the particular cause must be stated," is for the purpose of bringing to the attention of the trial court the ground upon which the challenge is based, and is mandatory in its terms, and must be followed, in order to enable a party to present for review on appeal the action of the trial court in respect to such challenge or to predicate error thereon.

6. SAME—JUROR—SCRUPLES AGAINST DEATH PENALTY—DISQUALIFIES—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 910, SUBD. 14, CONSTRUED.. —A juror who has conscientious scruples against the infliction of the death penalty is not competent on the trial of an offense which is punishable in the option of the jury by death or imprisonment for life, under section 910, subdivision 14, *supra*, providing "If the offense charged be punishable with death, the entertaining of such conscientious opinions as would preclude his finding the defendant. guilty; in which case he must neither be permitted nor compelled. to serve as a juror."

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Mohave. R. E. Sloan, Judge. Affirmed.

The facts so far as pertinent are stated in the opinion.

LeRoy Anderson, for Appellant.

The jurors Haskins, Irwin, Miller, and White were incompetent and unqualified, and the court erred in denying defendant's challenge to them and should not have caused defendant to exercise upon them his peremptory challenges. Rev. Stats. Ariz. 1901, title 9, chap. 1, sec. 915; *Reynolds v. United States,* 98 U. S. 145, 25 L. Ed. 244; *Territory v. Davis,* 2 Ariz. 63, 10 Pac. 359. It is almost a universal rule that a juror whose opinion is such as to require evidence to remove it, is disqualified. *People v. Gehr,* 8 Cal. 361; *People v. Johnston,* 46 Cal. 78; *People v. Wells,* 100 Cal. 227, 34 Pac. 718; *People v. Fultz,* 109 Cal. 258, 41 Pac. 1040; *Vance v. State,* 56 Ark. 402, 19 S. W. 1066; *State v. Wilcox,* 11 Wash. 215, 39 Pac. 368; *State v. Snodgrass,* 52 Kan. 174, 34 Pac. 750; *Smith v. Eames,* 36 Am. Dec. 532, note. It is the accepted rule in this territory, as well as elsewhere, that when a juror admits having formed and expressed an opinion, and expressed any degree of doubt as to whether such previously formed opinion would affect his judgment in arriving at a just and proper verdict in the case, then it is error to admit him to the panel. Rev. Stats. Ariz. 1901, sec. 910; subds. 13, 14; *State v. Johnson,* 49 W. Va. 684, 39 S. E. 665; *People v. Williams,* 6 Cal. 206; *People v. Cottle,* 6 Cal. 227; *People v. Brotherton,* 43 Cal. 530; *People v. Miller,* 125 Cal. 44, 57 Pac. 770.

The court erred in sustaining the challenge of the territory to jurors Thompson and Musser, on the ground of their conscientious scruples as to the death penalty. The question, Has the prospective juror such conscientious scruples *as would preclude his finding the defendant guilty?* is the criterion. See, Rev. Stats. Ariz. 1901, chap. 9, sec. 910, subd. 14; *People v. Stewart,* 7 Cal. 140; *Stratton v. People,* 5 Colo. 279. The courts of the states having similar provisions in their statutes have recognized this· principle. *State v. Dooley,* 89 Iowa,

584, 57 N. W. 414; *State* v. *Lee*, 91 Iowa, 499, 60 N. W. 119; *State* v. *Garrington*, 11 S. Dak. 178, 76 N. W. 326.

E. S. Clark, Attorney-General, for the Territory.

KENT, C. J.—The only questions raised by the appellant in his assignment of errors, and upon the incomplete record which we have before us, are as to the correctness of the rulings of the trial court upon the challenges for cause to certain jurors. The first assignment of error is as follows: "The court erred in not sustaining the challenge for cause of defendant to the jurors: G. S. Haskins, Frank Irwin, George W. Miller, and Peter F. White, and caused defendant to exercise a peremptory challenge upon each of the above-named jurors, to his harm, for the reason that said jurors had expressed an unqualified opinion concerning the guilt or innocence of defendant, and that it would take evidence to remove said opinion." By section 910 of our Penal Code it is provided that either party may challenge any individual juror for any of the various causes set forth in fifteen subdivisions of said section. The thirteenth subdivision of said section provides as a cause for such challenge: "For the existence of a state of mind on the part of the juror in reference to the case, or to the defendant, or to the person alleged to be injured by the offense charged, or on whose complaint the prosecution was instituted, which will prevent him from acting with entire impartiality and without prejudice to the substantial rights of either party." By section 915 of the Penal Code it is provided: "When a challenge is made for the cause mentioned in subdivision thirteen (13) of section 910, no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or facts to be submitted to such jury, founded upon public rumor, statements in public journals, or common notoriety; provided: It be a qualified opinion, and it appears to the court that such juror will act impartially and fairly upon the matter to be submitted to him. The court shall instruct the jurors as to the distinction between a qualified and an unqualified opinion, and if the person has formed or expressed an unqualified opinion, he shall be excluded."

Where therefore a juror has formed or expressed an unqualified opinion—that is, a fixed, settled, and abiding conviction as to the guilt or innocence of the defendant—it is a cause for his disqualification as a juror; and the court, upon objection properly taken, must exclude him. The source of such opinion, or the grounds upon which it is based, is unimportant; the fact that it is an unqualified opinion disqualifies the juror. Where a juror has an opinion less strong than a fixed or settled conviction, or, in other words, a qualified opinion, it becomes important for the court to ascertain not only the strength of such opinion, but upon what such opinion is founded. If it be founded upon public rumor, statements in public journals, or common notoriety, the juror is competent to serve, if it shall appear that he will act fairly and impartially upon the matter to be submitted to him. If it be founded upon actual knowledge of the facts, or upon statements made to him by a party or by witnesses in the case, or upon other definite knowledge or information, it is nevertheless for the court to determine whether or not such knowledge or information has in fact brought about in the juror a state of mind which will prevent him from acting with entire impartiality and without prejudice to the substantial rights of either party, even though it appears from the testimony of the juror that he considers that he can so act. That the juror will carry such opinion into the jury-box, or that it will take evidence to remove the opinion so formed, are not, in themselves, grounds of disqualification. The question is, can the juror act fairly and impartially, irrespective of the opinion that he holds, or is it such an opinion, by reason of its strength or the grounds upon which it is based, as has produced in the juror a state of mind prejudicial to the substantial rights of the party. This is a question which must be left largely to the wise discretion of the trial court; and the determination of the trial court in that regard will not be disturbed on appeal, unless it appears to be clearly erroneous. As we said in *Brady* v. *Territory*, 7 Ariz. 12, 60 Pac. 698: "It has been frequently held that a juror, stating he has formed an opinion as to the merits of a case, which it would take evidence to remove, is nevertheless competent if it appears that he can decide the case

impartially, without reference to what he has heard or the opinion which he has formed. *State* v. *Morse,* 35 Or. 462, 57 Pac. 631; *People* v. *King,* 27 Cal. 507, 87 Am. Dec. 95; *Ortwein* v. *Commonwealth,* 76 Pa. St. 414, 18 Am. Rep. 420; *State* v. *Millain,* 3 Nev. 409; *State* v. *Lawrence,* 38 Iowa, 51. The challenge raised an issue of fact upon which the court had to determine whether the nature and strength of the opinion formed was such as would prevent the juror from acting with entire impartiality. The finding of the trial court upon that issue should not be set aside by the appellate court unless the error is manifest. 'No less stringent rules,' says Mr. Chief Justice Waite, 'should be applied by the reviewing court in such case than those which govern in consideration of motions for new trial because the verdict is against the evidence. It must be made clearly to appear that upon the evidence the court ought to have found the juror had formed such an opinion that he could not, in law, be deemed impartial. The case must be one in which it is manifest the law left nothing to the conscience or discretion of the court.' *Reynolds* v. *United States,* 98 U. S. 145, 25 L. Ed. 244. The trial judge heard the statements of the juror, had an opportunity to observe his manner, temperament, intelligence, and personal peculiarities, as exhibited on his examination—important factors in determining his qualification—and ruled in favor of his competency. There is nothing in the record which would warrant us in disturbing that finding."

The assignment which we are considering alleges error in the refusal of the court to sustain the challenge for cause, in that the jurors had expressed an unqualified opinion, and is not based upon the existence of a qualified opinion such as would prevent the jurors from acting impartially. If there was any such unqualified opinion in the mind of any ·of the jurors, it was the duty of the court to sustain the challenge. An examination of the record before us discloses that the jurors, upon their *voir dire,* stated in substance as follows: Juror Haskins stated, on his direct examination, that from what he had heard he had not formed or expressed an opinion of the guilt or innocence of the defendant; that he had no fixed opinion, because he knew nothing of the case, and no bias or prejudice against the

defendant. Upon cross-examination, he stated that the opinion he had was formed upon what he heard about the case; that it was not a fixed opinion; that it would take evidence to remove it; that he would go into the case with an opinion from what he had heard; that it was not an unqualified opinion, but it would take evidence to remove it; and that he had not expressed a settled opinion of his guilt or innocence. The juror Miller testified, on his direct examination, that as to the facts in the case he only knew what he had read and heard; that he had formed or expressed an opinion as to the guilt or innocence of the defendant; that that was not a fixed, unqualified opinion. On cross-examination, he testified that he had not talked with the witnesses, but he formed his opinion on hearsay; that his opinion could be changed by the evidence; that he did not know as it was a fixed, definite opinion; that he expressed the "opinion the same as anybody else." And to the question put by the court, "Have you now a fixed and settled opinion of the guilt or innocence of the accused?" he answered, "I don't know as I have; no, sir." The juror Irwin testified, on direct examination, that he had heard of the facts in the case, and from what he had heard he had formed an opinion; but that such an opinion was not a fixed, unqualified opinion, and that he could enter the jury-box and try the case fairly and impartially. Upon cross-examination, the following questions and answers appear: "Q. You have heard about this case?—A. Yes, sir.—Q. And you have formed an opinion?—A. Yes, sir.—Q. What kind of an opinion is that? —A. Well, it could be removed by evidence. If what I heard is not true.—Q. If what you heard is true, then you have a fixed opinion?—A. Yes, sir.—Q. Is there any condition to the opinion you have now?—A. Well, not if the facts I have heard are true.—Q. Then, from what you have heard, you have a fixed, unqualified opinion, haven't you?—A. Yes, sir; I think I have."

It is apparent that the opinion of the jurors Haskins and Miller were not fixed and settled opinions as to the guilt or innocence of the defendant, but that they were qualified opinions formed upon rumor and common notoriety. They were clearly competent, qualified jurors. As to the juror Irwin, it is true that in answer to the last question put to

him on his examination, he acceded to the statement of counsel, that he had a fixed, unqualified opinion; but he says that his opinion was fixed and settled only if what he had heard was true. The opinion, therefore, was not absolutely fixed and settled, but was hypothetical, dependent upon whether the statements that he heard were true or false; if true, his opinion was fixed and settled; if not true, it was not fixed and settled, and such opinion as he had could be removed by evidence. We think, therefore, that the opinion that the juror had was a qualified, and not an unqualified one. The testimony given by the juror does not disclose the source of his opinion, or how it was founded. The juror stated that his opinion could be removed by the evidence in the case, and that he could enter the jury-box and try the case fairly and impartially. The trial court, with the juror before it, determined that the juror could act impartially and fairly upon the matter, and that his qualified opinion would not prejudice the defendant. There is nothing in the record before us that warrants us in disturbing the conclusions so reached. The juror White testified that he did not know whether his opinion was a fixed and unqualified opinion, or not; that it would take "pretty heavy evidence to remove it"; that he did not know that he could discard his opinion, if sworn as a juror in the case, and he thought it might influence him some in his verdict. If a challenge was interposed to this juror by the defendant, the record does not show it; neither does the record show any action by the court with regard to this juror. It does appear from the record in this case, however, that when the list of jurors was submitted to counsel to exercise their peremptory challenges, the name of the juror White was not upon the list, and he did not form one of the number upon whom the peremptory challenges were exercised. It is apparent, therefore, although the record is silent in that respect, that the juror was not deemed qualified and was excused by the court; the appellant therefore can have nothing to complain of in that regard.

In considering this assignment of error, we have treated the matter as if proper challenges for cause had been interposed by the defendant. In each instance, after the examination of the juror, a challenge was interposed in the

following form: "We challenge the juror." Section 914 of the Penal Code provides as follows: "In every challenge for any of the causes specified in section 910, the particular cause must be stated." This provision is for the purpose of bringing to the attention of the trial court the ground upon which the challenge is based, and is mandatory in its terms, and must be followed in order to enable a party to present for review on appeal the action of the trial court in respect to such challenge, or to predicate error thereon.

The second assignment of error is as follows: "That the court erred in allowing a challenge for cause of the territory to the juror J. W. Thompson, and the juror John Musser, for the reason that said jurors were not disqualified under our statute' as to the conscientious scruples concerning the death penalty. And for the further reason that said jurors did not entertain any such conscientious opinions as would preclude them from finding the defendant guilty of murder in the first degree. For the further reason that under our statute the jury may find the person guilty of murder in the first degree, and fix his punishment at either death or imprisonment, and the objections to conscientious scruples must be that the juror would be precluded from finding the defendant guilty, and not that he would dislike to hang a man." Subdivision 14 of section 910 of the Penal Code, provides, as a ground of challenge for cause: "If the offense charged be punishable with death, the entertaining of such conscientious opinions as would preclude his finding the defendant guilty; in which case he must neither be permitted nor compelled to serve as a juror." The record shows that both these jurors stated that they entertained such conscientious opinions as would preclude them from finding the defendant guilty. The juror Thompson, however, on further examination, stated that his opinion would not prevent his finding the defendant guilty and fixing the punishment at imprisonment for life, if the evidence warranted it; but that the opinion he held would preclude him from fixing the death penalty. This qualification did not bring the juror outside the clear meaning and intent of the statute. Although the jury may fix the punishment for murder in the first degree at either death or imprisonment for life, the offense of murder in the first

degree is, nevertheless, one "punishable with death," and the entertaining of such a conscientious opinion as precludes the juror from the infliction of the death penalty precludes the juror from finding the defendant guilty of an offense punishable with death, and brings him within the statute which requires the court to exclude him. Nor does it follow, as contended for by the appellant, that the enforcement of this rule compels a defendant to accept a jury all the members of which are of the opinion that, if he were guilty of murder in the first degree, his penalty should be death. The rule only forces a defendant to accept a jury free to impose either the death penalty or imprisonment for life; and the territory has the right to a jury that will impose the graver penalty if warranted by the circumstances, untrammeled by any conscientious opinions against its infliction.

These are the only errors, as alleged, discussed in the appellant's brief, or which are presented to us from the record as it is before us.

The judgment of the district court is affirmed.

DOAN, J., CAMPBELL, J., and NAVE, J., concur.