407 P.2d 81

The STATE of Arizona, Appellee,

v.

Karl Hines NARTEN, Appellant.

No. 1381.

Supreme Court of Arizona.

En Banc.

Oct. 28, 1965.

Rehearing Denied Nov. 23, 1965.

Robert W. Pickrell, Atty. Gen., Norman E. Green, Pima County Atty., for appellee.

Jack I. Podret and William H. Tinney, Jr., Tucson, for appellant.

BERNSTEIN, Justice.

Appellant, hereinafter called defendant, appeals from a judgment of conviction on two counts: first degree murder upon which the jury recommended and the court assessed the death penalty, and assault with intent to commit murder for which the court imposed life imprisonment.

The facts, viewed to support the verdict of the jury pursuant to our well established rule, are as follows: On January 31, 1963 Rickel Hanson and his fiance went hiking in Reddington Pass, Pima County. As they were returning to their automobile they heard two shots and saw someone standing on a bluff where they had to pass. When they reached that area the person they had seen, later identified as defendant, approached them. Rickel Hanson only had time to say "Hi" before the defendant fired eight rifle bullets into him. He died instantly. Defendant ordered the fiance down the hill and forced her to disrobe. After fondling her and threatening to kill her if she didn't behave, he let her put on her clothes. He took her to his automobile, drove farther up the mountain and parked whereupon he made her feel his private parts while he tried to kiss her. When she did not respond he became angry, ordered her out of the car, shot her in the head and left. The wound was superficial and the young lady eventually got to a road where she was picked up and taken to a hospital. Defendant was arrested six days later in Mexico.

In defendant's first assignment of error he contends that he was deprived of his right to a preliminary examination, Rule 79, Rules of Criminal Procedure, 17 A.R.S., because his attorneys were denied adequate time to prepare for the hearing and because the magistrate refused to issue subpoenas duces tecum compelling witnesses to provide investigation reports referred to during their testimony.

Two attorneys were appointed on February 11, 1963 to represent defendant. The preliminary examination began February 13, 1963 but testimony was not taken until the 18th at which time only one witness testified. The hearing was recessed until the 25th and continued daily thereafter through the 28th. The state produced 5 witnesses while 15 were called by the defense. The

record shows defense counsel appeared to be adequately prepared.

In Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 it was held that the right to counsel means the right to effective counsel and requires that there be a reasonable time between assignment of counsel and trial. See also Anno: 84 A.L.R. 544. In Shaffer v. Territory, 14 Ariz. 329, 127 P. 746, we held that to deny counsel sufficient time to prepare the case is to deny defendant a substantial right. But in Stirling v. State, 38 Ariz. 120, 297 P. 871, we said the trial court did not abuse its discretion in denying a continuance where counsel failed to point out how defendant would be prejudiced unless the time extension was granted. The principle in Stirling is pertinent to the case before us. Furthermore, the time between assignment of counsel and the preliminary examination was not so inordinately brief as to compel the conclusion of prejudice in the absence of a showing thereof. We find the court did not abuse its discretion in denying a continuance.

Defendant further contends that the magistrate erred in denying counsel's requests for subpoenas duces tecum. As its first witness, the state called Officer Guenther who referred to certain photographs he took and turned over to the County Attorney. When the state objected to defense counsel's request that they be produced, the court said it would consider the matter at the noon recess. It was not mentioned again. Officer Ruiz of Sonora, a state's witness, referred to notes he took during a conversation with defendant. The magistrate denied counsel's request for them but the request was withdrawn when the County Attorney provided the information. From the witnesses called by defendant, 4 referred to notes or reports then demanded by counsel. Only one, Officer Smith, actually testified at the superior court trial at which time defense counsel had access to all reports he had mentioned at the preliminary examination. Hence, defendant suffered no actual prejudice in terms of being deprived of effective cross examination or the opportunity of fully developing his defense. Cf. State v. Essman, 98 Ariz. 228, 403 P.2d 540.

Counsel relies upon State v. Ashton, 95 Ariz. 37, 386 P.2d 83 (the so-called Jencks rule) where we held that the trial court committed prejudicial error when it refused to allow defense counsel to examine, for impeachment purposes, a report concerning his written sequence of events at the time of arrest to which the officer testified at trial. We said it was not within our province to inquire into the possibilities for impeaching the officer's testimony from information contained in his report. We could not speculate as to what use might have been made of the narrative report by defense counsel. In this case counsel did

have access at the trial to the information he sought and we do not have to speculate concerning the use to which he put it. However, the Ashton decision is inapplicable due to a more fundamental distinction. That case dealt with the defendant's right of cross examination which is constitutionally protected. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; State v. Holden, 88 Ariz. 43, 352 P.2d 705. In this case, as pointed out above, the only evidence defense counsel did not obtain during cross examination of the state's witnesses were some photographs. If counsel thought their production was important, he would have demanded that the magistrate rule upon his request. It is not the province of an appellate court to pass upon questions not acted upon by the court from which the appeal is taken. Wharton v. People, 104 Colo. 260, 90 P.2d 615; Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648.

 Counsel argues that the Ashton principle applies to police officers called by defense counsel because they are hostile witnesses. At the preliminary examination counsel made the following statement:

"I aver to the Court, of course, that these witnesses that we are speaking of are hostile witnesses, not hostile in the sense unfriendly to me, but hostile because they are of necessity police officers doing their jobs and they must be considered in the class of hostile witnesses, and as such, I am allowed

to lead them and cross examine them as under the Jenckes [sic] Case, and entitled to the reports they have."

Generally, one may not cross examine his own witness. The court in the exercise of sound discretion may permit one to cross examine his own witness upon an adequate showing of surprise, or that the witness is hostile to the party calling him or unwilling to testify. State of Arizona v. Guerrero, 58 Ariz. 421, 120 P.2d 798; General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729. There was no showing of hostility in this case. Therefore, we need not rule upon defendant's argument that the Ashton principle applies in such a situation.

It is next argued that defendant was denied due process of law by not having a fair trial because two of the 12 petit jurors had opinions of his guilt when the trial started. The pretrial publicity consisted of TV, radio, newspaper and magazine coverage from the date of the homicide, January 31, 1963 until the trial, May 14, 1963, but local coverage diminished almost entirely by the end of March.

The panel of prospective jurors was extensively examined by the prosecutor and defense counsel. Of the veniremen examined, approximately one-half knew of the case through publicity before trial. One-third held opinions of defendant's guilt or innocence at the time of voir dire or prior thereto. The jury that tried defendant indicated during voir dire examination their

knowledge of the case as follows: eight held no opinions at any time. Two had opinions but shed them by the time of voir dire. One held a qualified opinion at the time of voir dire and another may have, his testimony being confusing.

■ A prospective juror may be disqualified if he is biased for or against defendant § 21–211, subsec. 4, if he holds an unqualified opinion, Rule 218, or if his opinion will prevent him from acting with entire impartiality Rule 219, subsec. 13. If his opinion is based upon rumor or news reports about the truth of which he has expressed no opinion, he is competent to be a juror if he swears he can fairly render a verdict and the court is satisfied of the truth of such statement. Rule 220.[1]

■ A prospective juror need not be disqualified unless his opinion is unqualified. Such an opinion is defined as a fixed, settled and abiding conviction as to the guilt or innocence of the defendant. Where the opinion is less strong it is qualified and the court will inquire into its strength and the information upon which it is founded. That the juror will carry an opinion into the jury box or that it will take evidence

to remove it are not, in themselves, grounds for disqualification. Leigh v. Territory, 10 Ariz. 129, 85 P. 948. Cf. Stephens v. State, 20 Ariz. 37, 176 P. 579. This court has also held that a disqualifying opinion must be, not merely that, if what the juror has heard is true a certain conclusion as to the guilt or innocence of the defendant necessarily follows, but that what he has heard is true as a matter of fact, and that such belief as to its truth would follow him into the jury box and would be considered by him in determining the verdict he would return. Burnett v. State, 34 Ariz. 129, 268 P. 611. The trial court decides during the voir dire whether a juror's opinion is fixed and will influence his decision. The determination depends, in large part, upon an observation of the prospective juror's demeanor and the tenor of his answers. Therefore, we have long held that a ruling upon a motion challenging a juror for bias or partiality is left largely within the sound discretion of the trial court whose decision will not be overturned in the absence of a clear showing of an abuse of that discretion. State v. Brady, 66 Ariz. 365, 189 P.2d 198. In this case the facts do not support defendant's contention that he was denied trial by a fair and impartial jury.

1. "When a challenge is made upon the thirteenth ground set forth in Rule 219, the fact that a person called as a juror has formed an opinion or impression based upon rumor, or upon news reports, about the truth of which he has expressed no opinion shall not disqualify him to serve as a juror in such action, if he upon oath states that he believes he can fairly and impartially render a verdict therein in accordance with the law and the evidence, and the court is satisfied of the truth of such statement."

■ Defendant further alleges a denial of due process of law because the jury list only included registered voters contrary to our Constitution, Art. 6, § 6 (now Art. 6, § 17, A.R.S.) and § 21–301 A.R.S. The Constitution provides:

" * * * a trial jury shall be drawn and summoned from the body of the county * * *."

The statute states:

"The board of supervisors * * * shall order a list made of persons within the county qualified to serve as jurors. The jury list shall contain the names of persons qualified to be jurors * * *."

This issue was decided adversely to defendant in State v. McGee, 91 Ariz. 101, 370 P.2d 261, cert. denied 371 U.S. 844, 83 S.Ct. 75, 9 L.Ed.2d 79, where we said that error in denying a challenge to the panel is not fatal unless prejudice can be shown. 91 Ariz. at p. 109, 370 P.2d 261. See also State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120.

■ We are asked to reexamine the position that no prejudice results when all persons unqualifiedly opposing the death penalty are not allowed to sit on a jury considering a charge of first degree murder.

No one was eliminated from the jury simply because he opposed capital punishment. The disqualification extends only to those who refuse to impose the death penalty under any circumstances. To hold as defendant suggests is to void Rule 219, subsec. 14,[2] Rules of Criminal Procedure, 17 A.R.S. which we will not do. State v. Woolery, 93 Ariz. 76, 378 P.2d 751.

■ Error is next assigned to the trial court's denial of motions for a change of venue and continuances. Defendant admits that a ruling by the trial court upon a motion for continuance will not be disturbed unless an abuse of discretion appears, State v. Hoffman, 78 Ariz. 319, 279 P.2d 898, and such abuse is prejudicial to the defendant. State v. LeVar, 98 Ariz. 217, 403 P.2d 532. There is no mechanical test for deciding when a denial of a continuance is so arbitrary as to violate due process of law. Each case stands on its own facts. Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921, reh. den. 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217.

■ The same rules concerning the discretion of the trial court and the necessity of showing prejudice before this court will reverse a conviction apply equally to a motion for a change of venue. State v. Woolery, 93 Ariz. 76, 378 P.2d 751; State

2. "Rule 219. Grounds for individual challenges
 A. Any party may challenge an individual juror upon the ground that the juror:
 14. If the offense charged is punishable by death, entertains conscientious opinions which would preclude his finding the defendant guilty, in which case he shall neither be permitted nor compelled to serve as a juror."

v. McGee, 91 Ariz. 101, 370 P.2d 261, cert. denied 371 U.S. 844, 83 S.Ct. 75, 9 L.Ed.2d 79. In the Woolery case we said that before the trial court is justified in granting a venue change it must affirmatively appear that there is such a feeling of prejudice prevailing in the community as will be reasonably certain to prevent a fair and impartial trial. 93 Ariz. at p. 82, 378 P.2d 751; Anno: Continuance—Hostile Sentiment, 39 A.L.R.2d 1314; Anno: Pretrial Publicity—Fair Trial, 10 L.Ed.2d 1243. Defendant contends the trial court committed prejudicial error by denying the motions for continuances and a change of venue because the jury was not fair and impartial. As stated above, we think otherwise. It follows that the trial court did not err in denying the motions for continuances and a change of venue.

Defendant contends the court erroneously excluded psychiatric testimony showing the absence of a specific mental state though not amounting to legal insanity. The defense of "partial irresponsibility" was rejected in State v. Schantz, 98 Ariz. 200, 403 P.2d 521.

 It is argued that the psychiatric testimony should have been admitted to aid the jury in assessing punishment which is within its province to define when the charge is first degree murder. This court has held that evidence in mitigation, to be relevant, must tend to throw some light upon the guilt or innocence of the accused, including the proper grading of the offense, but when not of such a character it is not relevant simply for the purpose of mitigating the severity of the punishment. Campbell v. Territory, 14 Ariz. 109, 125 P. 717. Counsel admits the proffered testimony would not support an insanity defense. And as we stated above, the testimony was inadmissible to reduce the degree of the offense charged. Therefore, the Campbell decision controls and the irrelevant testimony was properly excluded.

 Officer Smith testified to a conversation he overheard between defendant and his wife while in the Sheriff's office. The officer took part in the conversation. He overheard Mrs. Narten say to the defendant: "Karl, you must tell me the truth" to which defendant replied: "What do you want to do, send me to the gas chamber?" It is argued that Officer Smith's testimony was admitted in violation of the anti-marital fact privilege. § 13–1802 A.R.S. In De-Leon v. Territory, 9 Ariz. 161, 80 P. 348 this court held that the defendant waived the privilege when he wrote a letter from jail to his wife knowing that the jailer would read it. Communications between husband and wife are generally not confidential when made in the presence of third persons. It is not the communication that is privileged. Rather, the husband and wife are incompetent witnesses. The law seals their lips. State v. Gray, 55 Kan. 135, 39 P. 1050. In State v. Thorne, 43 Wash.2d 47,

260 P.2d 331, an arresting officer was allowed to testify about a conversation he heard between the defendant husband and his wife during which the defendant admitted his guilt. The facts in this case are similar to Thorne.

 Defendant further complains that prejudicial error occurred when Hanson's fiance was allowed to testify to sexual indignities forced upon her which constituted evidence of crime other than the one defendant was charged with committing. It is well established that admission of evidence concerning acts which constitute other separate offenses is prejudicial unless such acts are relevant to prove one or more of the following exceptions: motive, intent, absence of mistake or accident, identity or common scheme or plan. State v. Hunt, 91 Ariz. 145, 370 P.2d 640. The fiance's testimony was relevant for the jury to consider in determining defendant's motive in killing the decedent.

 Finally, defendant assigns as error part of the prosecutor's summation to the jury during which he said:

"You know, this presumption of innocence is great. I'm glad we have it. *I served on the bench here myself.* I know it. I'm glad we have it. *I, the judge, all the other judges are glad we have it*. We need it. But this presumption of innocence and these *laws would be absolutely worthless if we did not convict guilty men when the evidence is shown as it has been in this case.* We must convict and we must inflict the proper punishment according to law of guilty men or you can throw out the window that presumption of innocence and every other presumption in the law because the law books are worthless if we do not, when we have the evidence, convict." (Emphasis in original.)

Defense counsel objected to the prosecutor's remark about serving on the bench. He did not object to the remaining part of the summation of which he now complains. Failure to object constitutes a waiver of the right to have this court review the allegedly improper remarks to the jury. State v. Silvas, 91 Ariz. 386, 372 P.2d 718, cert. denied 371 U.S. 970, 83 S.Ct. 552, 9 L.Ed. 2d 539. Attorneys are given wide latitude in their arguments to the jury. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397. We do not think any of the quoted language of which defendant complains was improper argument by the prosecutor. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357, cert. denied 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed.2d 726; State v. McLain, 74 Ariz. 132, 245 P.2d 278; State v. Schantz, 98 Ariz. 200, 403 P.2d 521.

Affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concurring.