501 P.2d 970

**STATE of Arizona, Appellee,**

**v.**

**Ernest Ramon BASURTO, Appellant.**

**No. 2 CA–CR 293.**

Court of Appeals of Arizona,
Division 2.

Oct. 17, 1972.

Gary K. Nelson, Atty. Gen., by John S. O'Dowd, Tucson, for appellee.

John Wm. Johnson, Tucson, for appellant.

HATHAWAY, Judge.

The defendant, charged with possession of marijuana for sale under A.R.S. § 36-1002.06, was tried to a jury, convicted of unlawful possession and sentenced from 5 to 8 years in the state penitentiary. He has raised a number of questions on appeal concerning arrest, search, sufficiency of the evidence, and excessiveness of sentence. The questions pertaining to arrest and search were not presented at trial. We have examined the record and find them to be baseless and clearly not rising to proportions of fundamental error, and we will not discuss them in this opinion. State v. Washington, 103 Ariz. 605, 447 P.2d 863 (1968); State v. Narten, 99 Ariz. 116, 407 P.2d 81 (1965), cert. den. 384 U.S. 1008, 86 S.Ct. 1985, 16 L.Ed.2d 1021 (1966).

The defendant was riding as a passenger and seated in the right front seat of a 1969 red Renault automobile which was traveling east on Broadway in Tucson, Arizona, on the 14th of August, 1969, at approximately 3:30 a. m. A police officer [Storch] observed the vehicle improperly changing lanes and pulled it over. After Officer Storch approached the stopped vehicle, he noticed the odor of marijuana coming from it, and observed red cellophane showing from two suitcases in the back seat. Another officer testified that marijuana bricks "usually come in

. . . cellophane papers, red and green, bright red and green." Storch mentioned to the occupants that he smelled marijuana but permitted them to proceed after he obtained their address and destination.

Officer Storch tailed the automobile to its destination, a house, where he observed the defendant and one of the other occupants leave the car and run toward the back door of the house. The defendant was carrying one of the suitcases from the car. Storch gave chase into the house on foot. He met the driver, Caid, coming out, and followed him back to the Renault, where Caid got in the car, but was stopped before he could move it. Storch noticed one of the suitcases was still in the back seat. Caid opened it, and Storch observed eight cellophane wrapped bricks of what appeared to be marijuana inside. He then placed Caid under arrest and called for other police units. Responding to a disturbance from the east side of the house, Officer Storch saw the defendant leave the house through a window. Prior thereto, he had thrown a quantity of marijuana out the window. The defendant was arrested and placed in the custody of another police officer who advised him of his rights and transported him to the police station.

■ The defendant contends on appeal that one who possesses marijuana possesses it either for sale or for his own use. He urges that where the evidence is overwhelming that the marijuana was possessed for purposes of sale, " . . . and that no reasonable person could conclude otherwise. . .. . " a verdict of possession alone must be contrary to logic and to the law, citing State v. Arce, 107 Ariz. 156, 483 P.2d 1395 (1971). There, our Supreme Court in considering a double punishment situation where the defendant had been convicted of possession for sale and possession, involving the same transaction, held that possession was necessarily a lesser included offense and struck the conviction for possession. The case certainly does not stand for the proposition that conviction of a lesser included offense must be stricken if the record discloses evidence

which would justify a conviction for the greater offense, nor has the defendant in the case before us cited authority for such a novel proposition and we decline to further consider it.

██ Finally, the defendant complains that the sentence of from five to eight years imprisonment in the Arizona State Penitentiary constitutes an abuse of discretion on the part of the trial court " . . . in view of the routinely lighter sentences imposed under like circumstances and in like cases." The defendant's sentence was within the statutory limit of from one to ten years for conviction of the offense of possession of marijuana. The trial court, of course, has wide discretion in sentencing a defendant to a period between the statutory minimum and maximum, and that discretion will be upheld unless there is clear evidence that it has been abused. State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966). The presentence report indicates that the defendant had been a user of marijuana and that he was arrested and held in Nogales, Sonora, Mexico for approximately 9 months for possession of three tons of marijuana. Defendant's involvement with such a large quantity of marijuana as appears in the case before us, his not infrequent skirmishes with the law, and his history of involvement with illegal drugs as revealed by the presentence report, easily support the sentence.

Affirmed.

KRUCKER, C. J., and HOWARD, J. concur.