NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES RODRIGO HIGUERA, *Appellant.*

No. 1 CA-CR 15-0023
FILED 1-26-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-152694-002
The Honorable Brian Kaiser, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1        James Rodrigo Higuera appeals his convictions and sentences for two counts of aggravated driving under the influence ("DUI"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        A gas station customer observed Higuera "passed out" in his truck next to one of the pumps at around 2:00 p.m. The truck's engine was not running, but the customer called the police worried that Higuera might need medical attention. Officer Lynch arrived and noticed Higuera slumped over the steering wheel. Lynch eventually succeeded in waking Higuera who appeared "very confused . . . [and] very out of it." Higuera denied having consumed alcohol or drugs, and he also denied driving to the gas station.

¶3        Officer Kuntz, a drug recognition expert, arrived and observed Higuera exhibiting signs of impairment. The keys to the truck were in Higuera's pocket, and when Kuntz requested them to start the truck, Higuera explained the ignition was malfunctioning and a key was not required to start the engine. Higuera also explained that his friend "Cricket" had driven the truck to the gas station.

¶4        Higuera declined to perform field sobriety tests or to voluntarily submit to a blood draw. Kuntz then secured a search warrant and obtained a sample of Higuera's blood. Subsequent testing of the sample revealed the presence of methamphetamine, amphetamine, cannabinoids, and methadone. Specifically, one milliliter of Higuera's blood contained 508 nanograms of methamphetamine and 89 nanograms of amphetamine.

¶5        The State charged Higuera with two counts of aggravated DUI.[1]  He testified at trial, but the jury returned guilty verdicts.  Higuera was subsequently sentenced to concurrent prison terms of four months, followed by three years of concurrent probation for each offense.  We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and –4033(A).[2]

## DISCUSSION

¶6        Higuera raises two issues on appeal.  He argues that the charged DUI offenses are duplicitous.  He also contends prosecutorial misconduct denied him a fair trial.

¶7        Higuera correctly notes that we review both issues for fundamental error because he did not raise either argument at trial.  *See* *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (failure to object to alleged trial error results in fundamental error review).  To obtain relief under fundamental error review, Higuera has the burden to show that error occurred, the error was fundamental and that he was prejudiced thereby.  *See id.*, at 567, ¶ 20, 115 P.3d at 607.  Fundamental error is error that "goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at 568, ¶ 24, 115 P.3d at 608.  The showing required to establish prejudice "differs from case to case." *Id.* at ¶ 26.  A defendant "must show that a reasonable jury, applying the appropriate standard of proof, could have reached a different result." *Id.* at 569, ¶ 27, 115 P.3d at 609.  Speculation about how a purported error may have resulted in prejudice is insufficient; the prejudice must affirmatively appear in the record.  *State v. Trostle*, 191 Ariz. 4, 13-14, 951 P.2d 869, 878-79 (1997); *State v. Munninger,* 213 Ariz. 393, 397, ¶ 14, 142 P.3d 701, 705 (App. 2006).

---

[1] Higuera's driver's license was suspended at the time of the incident.  The State also charged Higuera with possessing drug paraphernalia and an additional count of aggravated DUI based on an allegation that he was required to have an ignition interlock device on his vehicle.  Those counts were dismissed before the case went to the jury.

[2] We cite the current version of the applicable statutes unless otherwise noted.

I.     Duplicitous Charges

**¶8**         Count 1 of the indictment charged, in relevant part, as follows: "JAMES RODRIGO HIGUERA . . . drove or was in actual physical control of a vehicle, while under the influence of . . . any drug . . . or any combination of . . . drugs . . . while his driver's license . . . was suspended." *See* A.R.S. § 28-1381(A)(1).   Count 2 charged, in relevant part: "JAMES RODRIGO HIGUERA . . . drove or was in actual physical control of a vehicle, while there was any drug defined in A.R.S. § 13-3401 or its metabolite in his body, while his driver's license . . . was suspended." *See* A.R.S. § 28-1381(A)(3); *see also* A.R.S. § 13-3401(6)(c)(vi) (amphetamine), -(xxxviii) (methamphetamine).

**¶9**         Higuera argues that the counts are duplicitous because the State presented evidence that Higuera drove, and was in actual physical control of the truck in which he was found passed out.[3]  Characterizing the different evidence as evidence of two separate criminal acts, Higuera contends the jury may have reached non-unanimous verdicts because some of the jurors may have concluded Higuera drove the truck while others may have found he was in actual physical control of it.  We disagree.

**¶10**         A criminal defendant is entitled to a unanimous jury verdict. Ariz. Const. art. 2, § 23.  To this end, "Arizona law requires that each separate offense be charged in a separate count, [and] an indictment which charges more than one crime within a single count may be dismissed as duplicitous."  *State v. Schroeder*, 167 Ariz. 47, 51, 804 P.2d 776, 780 (App. 1990).  "When the text of an indictment refers only to one criminal act, but multiple alleged criminal acts are introduced to prove the charge, our supreme court has sometimes referred to this problem in shorthand as a duplicitous charge rather than a duplicitous indictment."  *State v. Klokic*, 219 Ariz. 241, 244, ¶ 12, 196 P.3d 844, 847 (App. 2008).  Duplicitous charges are

---

[3] In his opening brief, Higuera argues that a case entitled *State v. Tarr* controls the analysis.  Although he says it is a memorandum decision, which was issued in 2009, he cites to a subsequent opinion by the same name.  In the memorandum decision, involving Rebecca Marie Tarr, we found that the defendant did not timely discover or challenge the duplicitous charging before trial; which is not an issue in this appeal.  *See State v. Tarr*, 1 CA-CR 08-0253, 2009 WL 1530722 (Ariz. App. June 2, 2009) (mem. decision).  And in the opinion, we did not discuss the duplicitous issue raised here because that case involved reviewing jury instructions in a DUI case, which is not an issue here.  *See State v. (Kenneth) Tarr*, 235 Ariz. 288, 331 P.3d 423 (2014).

prohibited, in part, because of the risk of a non-unanimous jury verdict. *Id.*; *State v. Whitney*, 159 Ariz. 476, 480, 768 P.2d 638, 642 (1989). Violation of the right to a unanimous verdict constitutes fundamental error. *State v. Davis*, 206 Ariz. 377, 390, ¶ 64, 79 P.3d 64, 77 (2003). We review de novo whether the trial court violated Higuera's right to a unanimous verdict. *See State v. Beasley,* 205 Ariz. 334, 336, ¶ 9, 70 P.3d 463, 465 (App. 2003).

**¶11**         Here, the charges were not duplicitous, or rendered duplicitous by evidence at trial showing Higuera drove the truck, actually physically possessed it, or both. Driving or being in actual physical control of the truck "are two ways of committing a single DUI offense." *State v. Rivera*, 207 Ariz. 69, 72, ¶ 8, 83 P.3d 69, 72 (App. 2004). Although each of the two types of acts are alternative theories of culpability, each is not an independent crime. *Id.* Jurors in DUI trials are not required to unanimously agree on which theory—driving or actually physically controlling the truck—forms the basis of a guilty verdict.[4] *Id.* at 73, ¶ 12, 83 P.3d at 73. Here, the jury unanimously found Higuera guilty of both counts, which is all the unanimity that is required. *See id.* Consequently, Higuera's right to unanimous verdicts was not violated. No error, fundamental or otherwise, occurred.

II.    Prosecutorial Misconduct

**¶12**         Higuera points to two instances of purported prosecutorial misconduct during closing arguments that he argues cumulatively denied him a fair trial.

**¶13**         We will reverse a conviction for prosecutorial misconduct only if "(1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial." *State v. Moody*, 208 Ariz. 424, 459, ¶ 145, 94 P.3d 1119, 1154 (2004) (citation omitted). To justify reversal, the misconduct "must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997) (citations omitted). If we conclude that the challenged instances of misconduct do not amount to error or are otherwise harmless, "an incident may nonetheless contribute to a finding of persistent and pervasive

---

[4] In fact, if some of the jurors found Higuera was driving the truck, those jurors necessarily concluded he was in actual physical possession of it. *See Rivera*, 207 Ariz. at 73, ¶ 11, 83 P.3d at 73 ("[A] person who drives a vehicle actually physically controls it; driving is a subset of actual physical control.").

misconduct . . . if the cumulative effect of the incidents shows that the prosecutor intentionally engaged in improper conduct and did so with indifference, if not a specific intent, to prejudice the defendant." *State v. Roque*, 213 Ariz. 193, 228, ¶ 155, 141 P.3d 368, 403 (2006) (internal quotation marks and citations omitted).

**¶14**　　　Higuera first argues that the prosecutor improperly minimized the State's burden of proof when he argued to the jury:

> Beyond a reasonable doubt means not beyond any possibility of a doubt. It means beyond a reasonable doubt. *Is the State's version of events a reasonable version of events or is the defendant's version of events a reasonable version of what happened . . . ?* I would submit to you after you've considered everything that's been prepared [sic] to you, you will find beyond a reasonable doubt that the defendant is guilty of both counts of aggravated DUI.  Thank you.

(Emphasis added.)

**¶15**　　　Higuera contends the highlighted comment eroded the applicable standard of care from "beyond a reasonable doubt" to "preponderance of the evidence."  We disagree.

**¶16**　　　The State did not argue a different standard of proof.  The State started its argument by noting that it had the burden of proving its case beyond a reasonable doubt; just as the court had earlier instructed the jury.  Then, the State outlined the evidence to support each element of each charge and again told the jury that it had the burden of proof.  The State then asked the jury to determine if it believed the evidence presented by the State or Higuera, and stated that "after you've considered everything that's been pre[sented] to you, you will find beyond a reasonable doubt that the defendant is guilty of both counts of aggravated DUI."  Then, after Higuera's closing argument,[5] the State again reminded the jury that it had the burden of proving Higuera guilty beyond a reasonable doubt. Consequently, given the totality of the arguments, as well as the jury

---

[5] During Higuera's closing argument, his lawyer stated: "And in the whole process, the issue before you is whether the State has presented beyond a reasonable doubt that [Higuera] was either driving the vehicle within two hours of the stop or that he was in actual physical control."  And he then illustrated for the jury the difference between the standards of proof applicable to civil versus criminal cases.

instructions, we find no error, much less fundamental prejudicial error was caused, or permeated the trial, by the quoted portion of the argument.

¶17 Higuera next challenges the prosecutor's comments made during rebuttal closing argument: "I've been practicing law for almost 26 years now. During that 26 year period I have been a prosecutor. I have been a defense attorney. *I have even been a municipal court judge for four years.*" (Emphasis added.) Higuera contends that these statements amount to improper vouching because they placed the prestige of the government behind the State's case. *State v. Newell*, 212 Ariz. 389, 402, ¶ 62, 132 P.3d 833, 846 (2006) (discussing vouching).

¶18 The challenged comments came at the outset of the State's rebuttal, and were a preamble to the following:

> And eliminating the judicial position, and the choice between being a prosecutor and a defense attorney, this is the reason why I like to be a prosecutor, because this is what every attorney dreams of, the opportunity to get the last word in. Okay. And I know it's galling to defense attorneys and it may seem unfair, but the reason is quite simple. The reason is because the [S]tate has the burden of proving the defendant beyond a reasonable doubt, proving him guilty. And because the State has that burden, the State gets the opportunity to have two opportunities to have witnesse[s] testify. And the State has the opportunity to make closing arguments to you twice.

¶19 The statements, in context, amounted to the State telling the jury that it was allowed to argue last because it had the burden of proof. Although the introductory puffery was unnecessary, the jury was aware from both the preliminary and final instructions that it had to determine the facts of the case, and what the lawyers may say in closing argument "is not evidence." And our supreme court has long recognized that such statements are not error, let alone fundamental prejudicial error, given the fact that lawyers are given wide latitude in their arguments. *See State v. Gonzales*, 105 Ariz. 434, 436-37, 466 P.2d 388, 390-91 (1970); *State v. Narten*, 99 Ariz. 116, 125, 407 P.2d 81, 87 (1965) (concluding that the following comments made by prosecutor regarding his previous service on the bench were not improper: "You know, this presumption of innocence is great. I'm glad we have it. *I served on the bench here myself.* I know it. I'm glad we have it. *I, the judge, all the other judges are glad we have it.*"). Consequently, the challenged statements do not give rise to reversible error.

7

¶20 We have also reviewed the cumulative effect of the prosecutor's statements. We find no reversible error since the prosecutor did not intentionally engage in improper conduct "with indifference, if not a specific intent, to prejudice [Higuera.]" *Roque*, 213 Ariz. at 228, ¶ 155, 141 P.3d at 403.

## CONCLUSION

¶21 Based on the foregoing, we affirm Higuera's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama